### Adonijah S. Boyd

*v.*

### Christopher Mundorf and wife and others.

A deed and a mortgage to the grantor to secure part of the purchase-money of the conveyance, were executed simultaneously on February 28th, and acknowledged and recorded on March 3d, at noon. Another mortgage on the same premises, to another person than the grantor, also stating that it was given to secure part of the purchase-money, was executed March 1st, and was acknowledged and registered March 3d, at a quarter before twelve o'clock, noon.—*Held*, that the first mortgage was entitled to priority, the registering of the second mortgage not being notice to the first mortgagee, the vendor, since at that time the vendee's deed had not been recorded.

---

Bill to foreclose.   On final hearing on pleadings.

*Mr. A. S. Boyd, in pro. pers.*

*Mr. G. Ackerson, Jr.,* for Henrietta R. Voorhis, administratrix.

The Chancellor.

Garret Benson, by his deed, dated February 28th, 1866, conveyed the mortgaged premises to Christopher Mundorf, in fee.   The deed was acknowledged on the 3d of March following, and was recorded on that day, at noon.   To secure $2,000 of the purchase-money, Mundorf gave to Benson a mortgage (now held by Henrietta R. Voorhis,

administratrix, by assignment) on the property for that sum, with interest. The mortgage was of the same date as the deed, and was acknowledged on the same day on which the deed was acknowledged, and was recorded at the same time as the deed. Mundorf gave to Lawrence J. Ackerson a mortgage on the property for $2,000 and interest, dated March 1st, 1869, acknowledged on the 3d day of that month, and recorded on the same day, at a quarter before twelve o'clock in the forenoon. It will be seen that the latter mortgage was recorded a quarter of an hour prior to that of Benson. The mortgage to Ackerson declares that it was given to secure the payment of part of the purchase-money of the conveyance from Benson to Mundorf.

The question in the cause is, whether the mortgage to Ackerson is, by reason of priority in recording, entitled to preference in payment over that to Benson. When the former was recorded, the deed to Mundorf was not on record. The record of that mortgage, therefore, was not notice to Benson. *Losey* v. *Simpson*, 3 *Stock.* 246. Where, as in this case, the vendor of real estate records his mortgage at the same instant that the deed from him is recorded, he surely can have no occasion to examine the records for encumbrances created by his vendee on the property, prior to the recording of his conveyance. See *Dusenbury* v. *Hulbert*, 59 *N. Y.* 541; *Clark* v. *Bunn*, 3 *Allen* 509.

The mortgage to Benson is entitled to priority.