THOMAS GRAHAM *et al.*, Appellants, *v.* SAMUEL MEEK, Appellee.

*Appeal from Lane.*

1. Parties bound by recitals contained in deed.
2. Doctrine of estoppel applied to married women.

MEEK, in the court below, filed his bill to foreclose a mortgage, dated March 23d, 1859, executed by Graham and wife, to secure the payment of a promissory note, for the sum of four hundred and thirty-one dollars. The land is described in the mortgage as follows, to wit : "Situated in Lane County, Oregon, in T. 15 S., R. 4 W., *being the donation land claim* of us, the said Thomas Graham and Sarah Graham," and then bounded generally on adjoining proprietors. The mortgage is, in its terms, a general deed of conveyance in fee simple,

without covenants. The defence set up is, that, at the time of the execution of the mortgage, the defendants had not resided on and cultivated the land the full four years required by the act of Congress of the 27th of September, 1850₄; and were not, therefore, possessed of any title which they could convey to Meek. But the appellants, Graham and wife, now claim to have acquired from the government of the United States the legal title to the premises, since the execution of the mortgage, the full term of four years' residence and cultivation being now complete, as required by law, to entitle them to a patent to the land ; and that since said title became complete and vested in appellants, Graham and wife, Sarah Graham, the wife, conveyed her half of said land to defendant, Percel.

Graham and wife particularly rely—*First.* On the fact, as they say, that said act of Congress requires four years' residence and cultivation before the grant becomes complete ; and, *Second.* On the provision in said act, that all sales of land, claimed under the same, are void, if made prior to the completion of the four years' residence and cultivation. The case went off in the court below, on demurrer to defendant's answer, setting up these matters as a defence, and it stands on demurrer in this court. The appellee insists that appellants are estopped from denying their deed ; that the allegation in the deed, that the land is "*the donation* land claim," is a recital of their title from the government.

*Kelsay & Curry*, for appellants.

*G. H. Williams*, for appellee.

BOISE, J.  The main question in this case is, are the appellants estopped from setting up their after-acquired title—being the same title named in the deed—to the premises, to defeat the mortgage ? for, if it is held that Graham and wife are estopped from denying that the title, which they pretended

to convey by the mortgage, then the other questions raised are unimportant in determining this case.

I think the statement in the deed, that the land was "*the donation land claim*" of Graham and wife, shows that they derived their estate from the United States, and that such was the estate intended to be conveyed; and the whole deed, taken together, plainly indicates that such estate was then vested, and that it was the intention of the parties to convey a title in fee simple. It is a rule, in construing written contracts of all kinds, that they shall be construed according to the natural and usual import of the language. Now, apply this rule to this mortgage, and it imports that Graham and wife, having obtained from the United States a title to the land, convey it to Meek; and good sense and good morals, as well as high legal authority, forbid that a party conveying land under sale, by a deed purporting to pass an estate in fee, and naming the derivation of his title, should be allowed to come into court, and say that his deed is not true—that he did not own what he sold. The law will not allow a man thus to take advantage of his own wrong, and impose on innocent purchasers. In *Jackson* v. *Bull*, 1 *Johnson's Cases*, 91, in speaking on this subject, Chancellor Kent says: "If a man makes a lease by indenture, or levy a fine, of an estate *not vested*, and he *afterwards purchase the land*, he shall, notwithstanding, be bound by his deed, and not be permitted to aver he had nothing." And the same doctrine is declared in the case of *Jackson* v. *Murray*, 12 *Johnson's R.* 204. This principle is applicable to all cases of bargain and sale, where the deed, on its face, purports to convey an estate in fee simple, reciting the title, whether such deed be with or without covenants of warranty. When the deed is with covenants, the reason of the estoppel has been placed on the ground that the grantee should not be obliged to resort to his action on the warranty; but the principle is now fully established, by the best authority, that the doctrine of estoppel applies to conveyances without warranty, where it appears, by the deed, that the parties intended to deal with and

convey a title in fee simple. ( *Van Rensellaer* v. *Kearney et al.*, 11 *Howard's R.* 322 ; 1*st Greenleaf's Ev.* 24.)

Again : it is insisted that the rights of Mrs. Graham do not come within this principle ; that married women are excepted from the operation of the doctrine of estoppel. This is true, so far as covenants are concerned ; but, in this case, there are no covenants ; and if married women would not be estopped in a case like this, they would in no case. In cases of deeds without covenants, the same rule applies to a *feme covert* as to a *feme sole*, and especially under the constitution of this State, which gives married women the control and disposition of their real estate.

There were some other points urged in the argument ; but in this view of the case they become unimportant.

Judgment affirmed.