EASTERN BANK AND TRUST COMPANY ET AL. v. HERBERT
BROUGHTON ET AL.

(Filed 9 March, 1927.)

1. **Mortgages—Purchase-Money—Liens—Husband and Wife — Estates—Entireties—Husband's Conveyance—Deeds and Conveyances.**

Where the husband alone signs a purchase-money note and mortgage, the latter duly registered, on lands conveyed to him and his wife by entireties, it is prior in lien to that of a later registered mortgage on the same lands made by them with another for borrowed money.

2. **Mortgages—Liens—Foreclosure—Sales.**

The holder of a second mortgage lien on lands is entitled to have the same foreclosed upon or after maturity of the note it secures, subject to the first mortgage.

APPEAL by plaintiff from *Sinclair, J.,* at Fall Term, 1926, of PAMLICO.

Civil action to foreclose a mortgage and to have a prior mortgage declared void and removed as a cloud on title.

From the facts found by the judge—a jury trial being waived by consent of the parties—a foreclosure was ordered as to all the property covered by the mortgage held by plaintiff, except a 30-acre tract of land covered by a prior purchase-money mortgage.

Plaintiff appeals.

*Z. V. Rawls for plaintiff.*
*F. C. Brinson for defendant.*

STACY, C. J. Stripped of all redundant matter, the determinative facts, bearing on the question presented, are as follows:

1. On 6 October, 1916, Asa W. Lee and wife, Richilda Lee, conveyed, by proper warranty deed, to Herbert Broughton and wife, Alzetta Broughton, as tenants by the entirety, a 30-acre tract of land, and, to secure the purchase price of said property, Asa W. Lee took from Herbert Broughton his note for $800, secured by mortgage on the premises, which said mortgage was duly executed by Herbert Broughton, but neither the note nor the mortgage was signed by his wife, Alzetta Broughton.

2. On 24 February, 1920, Herbert Broughton and wife, Alzetta Broughton, duly executed a mortgage on this same property, along with other property, to secure their joint obligation to Harry Rawls, who in turn transferred, assigned and conveyed the same to the plaintiff, Eastern Bank and Trust Company.

This suit is to foreclose the mortgage assigned to plaintiff, and it is contended that the purchase-money mortgage given by Herbert Broughton to Asa W. Lee is void and constitutes no prior encumbrance on the 30-acre entirety estate. *Gray v. Bailey,* 117 N. C., 439.

His Honor held that the purchase-money mortgage, though signed by the husband alone, was a valid prior encumbrance to plaintiff's mortgage and ordered a foreclosure of the second mortgage by sale of "the lands described in the pleadings, except the 30-acre tract."

The purchase-money mortgage given by Herbert Broughton to Asa W. Lee is a prior encumbrance to the extent of its worth under authority of the decisions in *Hood v. Mercer,* 150 N. C., 699, *Dorsey v. Kirkland,* 177 N. C., 520, *Greenville v. Gornto,* 161 N. C., 342, and *Bynum v. Wicker,* 141 N. C., 95. See, also, *Johnson v. Leavitt,* 188 N. C., 682, and *Davis v. Bass, ibid.,* 200. In this respect the plaintiff is in no position to complain at the ruling made. But the judgment must be modified so as to permit a sale of the 30-acre tract under the second mortgage, subject only to the rights of the holder of the purchase-money mortgage.

Modified and affirmed.