W. C. CAPPS, LIZZIE CAPPS, MRS. VERGIE KNIGHT, HATTIE MOODY, GRANT MOODY AND ADELE KNIGHT AND ANNABELLE KNIGHT, BY THEIR NEXT FRIEND, W. C. CAPPS, v. JIM MASSEY, CARRIE MASSEY AND LIZZIE ELLINGTON.

(Filed 2 July, 1930.)

1. **Estoppel A a—Husband is estopped by his deed to his wife of land held by them by entireties.**

Where the husband conveys lands to his wife, the title to which was vested in them as tenants by the entireties, and the husband survives the wife, the husband and those claiming under him as his heirs at law are estopped by his deed from claiming the land.

2. **Deeds and Conveyances A f—Deed of wife not probated according to C. S., 2515 is void, and does not constitute estoppel.**

Where the husband has conveyed to his wife his title to lands held by them by the entireties, and the wife thereafter conveys her title by deed to the husband and herself, which deed is not probated under the requirements of C. S., 2515, with respect to the finding of the probate officer that the instrument was not unreasonable or injurious to her, the wife's conveyance is void in law, and does not operate as an estoppel by deed to her during her life or her heirs at law after her death. Art. X, sec. 6.

APPEAL by plaintiffs from *Sink, Special Judge,* at April Term, 1930, of BUNCOMBE. Affirmed.

*The facts:* On 12 August, 1922, the Woodfin Land Company, deeded to F. M. Knight and his wife, L. E. Knight, as tenants by the entirety, a certain lot or piece of land in Buncombe County, North Carolina.

On 30 August, 1923, F. M. Knight, the husband, made a deed to said land to L. E. Knight, his wife.

On 8 August, 1925, L. E. Knight, the wife of F. M. Knight, made a deed to the husband, F. M. Knight and to herself, L. E. Knight, but the acknowledgment failed to comply with C. S., 2515, and failed to comply with Constitution of North Carolina, Art. X, sec. 6. The wife, L. E. Knight, died prior to the husband, F. M. Knight. All the conveyances above mentioned were duly registered.

The plaintiffs are the sole heirs at law of F. M. Knight and Vergie Knight is the widow of F. M. Knight. The defendants are the sole heirs at law of L. E. Knight. The county court decided that plaintiffs were the owners of the land and on appeal the Superior Court decided that defendants were the sole owners of the land to which the plaintiffs excepted, assigned error and appealed to the Supreme Court.

CAPPS *v.* MASSEY.

*MacRae & MacRae for plaintiffs.*
*J. Scroop Styles and Narvel J. Crawford for defendants.*

CLARKSON, J. The county court decided one way, on appeal the Superior Court decided another way, and this Court is now called upon to make the final decision. The original deed was made to husband and wife—an estate by the entireties. The husband attempted to convey his interest to the wife and then the wife attempted to convey back to the husband and herself.

We think, under the peculiar facts and circumstances of this case that the deed from the husband, F. M. Knight, to the wife, L. E. Knight, estopped F. M. Knight, who survived his wife, therefore plaintiffs the heirs of F. M. Knight, from claiming the land. The deed made by the wife L. E. Knight to her husband F. M. Knight and herself is void and no estoppel.

The *first* question involved: F. M. Knight and wife, L. E. Knight, held an estate by the entireties. Was a deed from the husband to the wife an estoppel against F. M. Knight, who survived his wife, therefore the heirs at law of F. M. Knight? We think so. There is no question that if an estate is held by the entireties by husband and wife, it is necessary for both husband and wife to join in the conveyance made to a third party.

In Thompson on Real Property, 2nd Vol. (1924), p. 953, sec. 1748, in part: "Neither husband nor wife can sever this title so as to defeat or prejudice the right of survivorship in the other. Neither can alone make a valid conveyance to a third person. So an agreement by one alone, affecting a change of the boundaries of the land, is not binding. Neither the husband nor the wife can convey the entire estate without the other joining in the conveyance." *Harrison v. Ray,* 108 N. C., 215; *Bruce v. Nicholson,* 109 N. C., 202; *Phillips v. Hodges,* 109 N. C., 248; *Bynum v. Wicker,* 141 N. C., 95; *Jones v. Smith,* 149 N. C., 318; *Bank v. McEwen,* 160 N. C., 414; *Moore v. Trust Co.,* 178 N. C., 118; *Turlington v. Lucas,* 186 N. C., 283; *Davis v. Bass,* 188 N. C., 200; *Johnson v. Leavitt,* 188 N. C., 682; *Distributing Co. v. Carraway,* 189 N. C., 420; *Trust Co. v. Broughton,* 193 N. C., 320; *Bryant v. Bryant,* 193 N. C., 372.

Without deciding whether the deed from F. M. Knight to his wife, L. E. Knight, was valid as a conveyance, the decisions would seem to give it effect as an estoppel against F. M. Knight, who survived his wife, therefore the heirs at law of F. M. Knight.

In *Hood v. Mercer,* 150 N. C., at p. 700, it is said: "While, to some extent, former decisions of this Court in respect to this estate have been

modified, we have held, in recent years, that under a conveyance of land in fee to husband and wife they take by entireties, with right of survivorship, and that the interest of neither during their joint lives becomes subject to the lien of a docketed judgment. During the wife's life the husband has no such interest as is subject to levy and sale to satisfy a judgment against him. *Bruce v. Nicholson,* 109 N. C., 202; *West v. R. R.,* 140 N. C., 620. It is true that where the husband had conveyed the land by deed with warranty without the joinder of the wife, and survived her, his grantee acquired title, but this was by way of estoppel." F. M. Knight, the husband, survived the wife L. E. Knight.

This deed from F. M. Knight to his wife conveyed the husband's usufruct in the estate by the entireties. *Trust Co. v. Broughton,* 193 N. C., 320. The warranty estopped F. M. Knight, and therefore his heirs at law as to the fee.

In *Crawley v. Stearns,* 194 N. C., at p. 17, it is said: "At common law a covenant of warranty was necessary to preclude the grantor from asserting an after-acquired title; but there is authority for the position that if a deed shows that the grantor intended to convey and the grantee expected to acquire the particular estate the deed may found an estoppel, although it contains no technical covenants." *Bynum v. Wicker, supra.* See cases cited in *Davis v. Bass, supra,* at p. 206; *West v. Murphy* 197 N. C., 488.

The *second* question involved: Was the deed from L. E. Knight to her husband, F. M. Knight, void and no estoppel against her or her heirs at law? We think so. *Smith v. Ingram,* 130 N. C., 100; *Wallin v. Rice,* 170 N. C., 417; *Hardy v. Abdallah,* 192 N. C., 45.

C. S., 2515, requiring the probate officer, as a condition precedent to the validity of the conveyance to certify in his certificate of probate that, at the time of its execution and the wife's privy examination, such contract was "not unreasonable or injurious to her." This having been omitted, in the instant case, the deed in question is void as to the plaintiff. *Singleton v. Cherry,* 168 N. C., 402. See, also, *Sims v. Ray,* 96 N. C., 87; *Davis v. Bass, supra,* at p. 209; *Whitten v. Peace,* 188 N. C., at p. 302; *Best v. Utley,* 189 N. C., at p. 361; *Garner v. Horner,* 191 N. C., at p. 540; *Crocker v. Vann,* 192 N. C., at p. 429. See Article X, section 6, Constitution of North Carolina.

In *Whitten v. Peace, supra,* at p. 302-3, we find: "This Court has held, in *Norwood v. Totten,* 166 N. C., 649, that a deed executed by a wife conveying land to her husband, void for failure of the probate officer to comply with C. S., 2515, is, nevertheless, color of title, and that adverse possession by the husband under such deed for seven years will ripen into a perfect title. See, also, *Clendenin v. Clendenin,* 181

N. C., 465; *Elmore v. Byrd,* 180 N. C., 120; *Aderholt v. Lowman,* 179 N. C., 547; *Shermer v. Dobbins,* 176 N. C., 547; *King v. McRacken,* 168 N. C., 621."

This principle does not arise on the facts in this case. The judgment of the court below is

Affirmed.