MARY WILLIS v. WILL WILLIS and MAGGIE WILLIS.

(Filed 16 November, 1932.)

1. **Husband and Wife G a: Estoppel A a—Husband held estopped by deed to wife from denying her title to land formerly held by entirety.**

   Although the right of survivorship in lands held by husband and wife by entirety cannot be defeated by the deed of either one of them alone, where the husband gives the wife a fee simple deed thereto with full covenants of warranty, and thereafter the husband obtains an absolute divorce: *Held*, upon the securing of the divorce the parties became tenants in common in the lands, and the husband's deed will estop him from denying the wife's title thereto in fee simple.

2. **Estoppel D b—Under facts of this case it was not necessary that estoppel be pleaded.**

   Where a husband gives a deed to his wife for lands held by them by entirety, and thereafter the husband obtains an absolute divorce from the wife: *Held*, in the wife's action for the possession of the lands it is not necessary that she specifically plead that the husband was estopped by his deed from denying her title.

3. **Cancellation and Rescission of Instruments B c—Right to rescission held lost by laches in this case.**

   The cancellation of an instrument for fraud should be sought within a reasonable time from the discovery of the fraud and where the husband deeds certain lands to his wife and thereafter obtains a divorce from her and the wife brings action for the possession of the lands, the husband may not seek to avoid his deed for alleged fraud in its procurement when such fraud occurred and was discovered more than three years prior to the commencement of the action.

4. **Cancellation and Rescission of Instruments A b—Misrepresentations must be of past or subsisting fact in order to support rescission.**

   Misrepresentation must be of a past or subsisting fact in order to support an action for the rescission of a deed for fraud, and in this case, granting that the allegations in the pleadings were sufficient to support the relief of rescission, the evidence is held to be of insufficient probative force to be submitted to the jury.

APPEAL by defendants from *Harding, J.,* and a jury, at September Term, 1932, of DAVIDSON. No error.

The facts: (1) J. L. Michael and wife, L. B. Michael, on 25 April, 1921, conveyed a certain lot of land located in the city of Lexington, Davidson County, North Carolina, describing same by metes and bounds, to Will Willis and Mary Willis, who were husband and wife. Said deed is recorded in the office of the register of deeds for Davidson County, North Carolina, Book 109, p. 142. The consideration was $450. (2) Will Willis, on 19 June, 1928, conveyed one-half interest in the said land to the plaintiff Mary Willis "in consideration of one dollar and other considerations." In said deed is the following warranty clause: "And the said party of the first part, for themselves and their heirs, executors and administrators, covenant with said party of the second part, heirs and assigns, that he is seized of said premises in fee and has right to convey the same in fee simple; that the same are free and clear from all encumbrances, and that he do hereby forever warrant and will forever defend the said title to the same against the claims of all persons whomsoever." Said deed is duly recorded in the office of the register of deeds for Davidson County, North Carolina, Book 109, page 198.

At the February Term, 1931, of Davidson County Superior Court, Will Willis was decreed an absolute divorce from Mary Willis, on the ground of adultery "that the bonds of matrimony between the plaintiff and defendant be forever dissolved." The plaintiff Mary Willis brought this action against defendants for the possession of the land. Defendants denied plaintiff's right to recover on the grounds: (1) That the deed of Will Willis to Mary Willis executed on 19 June, 1928, is void and does not convey any interest whatsoever; (2) that the consideration was that the plaintiff stay at home as a wife should do and "quit running around with other men."

It is further more fully alleged by defendants: "That if said deed made by Will Willis to Mary Willis on 19 June, 1928, did not reserve a life estate to Will Willis, there was a mistake and misunderstanding in the drafting of said deed and the execution of the same and this defendant Will Willis alleges that the said deed should be reformed to conform to the agreement. . . . That the plaintiff knowingly and wilfully at the time the deed of Will Willis to Mary Willis was made, on 19 June, 1928, entered into the agreement with the defendant, to stay at home and 'quit running around with other men,' for the purpose of cheating and defrauding the defendant Will Willis of his interest in the property described in paragraph two of the complaint, and did cheat and defraud the defendant by her promises (which

promises were the making of and consideration of said deed) in obtaining his signature to said deed knowing full well at the time that she, the plaintiff, after securing said deed intended to abandon the defendant and live in illicit cohabitation with other men. . . . That the plaintiff Mary Willis disregarded the consideration of the said deed referred to in paragraph two of the complaint dated 19 June, 1928, by immediately leaving and abandoning her husband Will Willis, and immediately continuing her old life and living in fornication and adultery with one ... ....................... . . . . Wherefore the defendants pray: (1) That the deed of Will Willis to Mary Willis dated 19 June, 1928, be declared void. (2) That if said deed is not declared void that the same be reformed or set aside for want of consideration and violations of the terms and conditions under which said deed was delivered or be reformed to speak the truth. (3) For such further and other relief as may be just."

The issues submitted to the jury and their answers thereto were as follows:

1. Is the plaintiff the owner and entitled to the immediate possession of the land described in the complaint? Answer: Yes.

2. What amount, if any, is the plaintiff entitled to recover of the defendants for rent of said premises? Answer: Not anything."

On the verdict judgment was rendered for plaintiff. The defendants made numerous exceptions and assignments of error and appealed to the Supreme Court.

*Spruill & Olive for plaintiff.*
*P. V. Critcher and Walser & Walser for defendants.*

CLARKSON, J. Will Willis and wife Mary Willis, as husband and wife, held an estate by the entirety in a certain lot of land in Lexington, N. C. Will Willis conveyed one-half interest in the land to the plaintiff his wife, on 19 June, 1928. The deed had full covenants of warranty. Thereafter at February Term, 1931, Davidson Superior Court, an absolute divorce was granted Will Willis from his wife Mary Willis on the ground of adultery.

The first question involved: Has plaintiff under the facts a fee simple title to the land in controversy? We think so by estoppel.

In *Dorsey v. Kirkland,* 177 N. C., at p. 522-3, is the following: "The deed under which the defendant claims, having been made to him and his wife, they took an estate by entirety, which carried with it the right of survivorship, and neither acting alone could by deed destroy this right or affect the estate of the other (*Freeman v. Belfer,* 173 N. C.,

581), but while this is so, during the joint lives of the husband and wife, the husband is entitled to the control and use of the land as his own property. . . . In *Bynum v. Wicker,* 141 N. C., 96, a mortgage executed by the husband alone was sustained, the Court saying, 'This estate by entirety is an anomaly, and it is perhaps an oversight that the Legislature has not changed it into a cotenancy, as has been done in so many states. This not having been done, it still possesses here the same properties and incidents as at common law. *Long v. Barnes,* 87 N. C., 333. At common law, "the fruits accruing during their joint lives would belong to the husband." (*Simonton v. Cornelius,* 98 N. C., 437), hence the husband could mortgage or convey it during the term of their joint lives, that is, the right to receive the rents and profits; but neither could encumber it so as to destroy the right of the other, if survivor, to receive the land itself unimpaired,' and in *Greenville v. Gornto,* 161 N. C., 342, a lease for ten years made by the husband was held to be valid, and the Court said of the nature of the estate and the rights and powers of the husband during the life of the wife: 'As Brady and his wife held, not as tenants in common or joint tenants, but by entireties, their rights must be determined by the rules of the common law, according to which the possession of the property during their joint lives vests in the husband, as it does when the wife is *sole seized.*' "

In *Potts v. Payne,* 200 N. C., at p. 249, is the following: "In *McKinnon v. Caulk,* 167 N. C., 411, it is held that a decree of absolute divorce destroys the unity of husband and wife, and therefore converts an estate by the entirety into a tenancy in common."

When Will Willis and Mary Willis were granted an absolute divorce the estate by entireties was severed and they became tenants in common, except for the fact that Will Willis had already conveyed to Mary Willis.

In *Hallyburton v. Slagle,* 132 N. C., at p. 952, we find: "Indeed, it has been said to have been fully established as a principle by the best authority, that the doctrine of estoppel applies to conveyances without warranty where it appears, by the deed, that the parties intended to deal with and convey a title in fee simple. *Graham v. Meek,* 1 Ore., 325; 1 Greenleaf on Ev., sec. 24. And, if this is not true, the estoppel certainly arises when the conveyance of the land is coupled with a covenant of warranty. Mr. Greenleaf says: 'A covenant of warranty estops the grantor from setting up an after-acquired title against the grantee, for it is a perpetually operating covenant.' " *Capps v. Massey,* 199 N. C., 196.

From the facts and circumstances of this case we do not think the question of estoppel had to be pleaded. In *Meyer v. Thompson,* 183

N. C., at p. 545 (quoting from *Bank v. Glenn,* 68 N. C., 36) is the following: " 'And if, after the sale to the vendee, the vendor perfects the title, such subsequently acquired title inures to the vendee by estoppel; which, being a part of the title, may be given in evidence without being specially pleaded.' "

By the divorce absolute the estate by entireties was converted into a tenancy in common—Mary Willis and defendant Will Willis each having an undivided half interest. Will Willis having deeded a half interest to Mary Willis by warranty, is estopped to deny plaintiff's title.

The second question involved: Have the defendants alleged sufficient facts to set aside the deed from Will Willis to Mary Willis for fraud and deceit, and is the evidence of sufficient probative force to sustain the allegations? We think not.

In *Stone v. Milling Co.,* 192 N. C., at p. 586, it is said: "The general conditions under which factual misrepresentations may be made the basis of an action for deceit are stated in Pollock on Torts (12 ed.), 283, as follows: 'To create a right of action for deceit there must be a statement made by the defendant, or for which he is answerable as principal, and with regard to that statement all the following conditions must concur: (a) It is untrue in fact. (b) The person making the statement, or the person responsible for it, either knows it to be untrue, or is culpably ignorant (that is, recklessly and consciously ignorant) whether it be true or not. (c) It is made to the intent that the plaintiff shall act upon it, or in a manner apparently fitted to induce him to act upon it. (d) The plaintiff does act in reliance on the statement in the manner contemplated or manifestly probable, and thereby suffers damage.' (At p. 587.) Our decisions are to the effect that 'where it is sought to base one's relief on the ground of fraud, the allegations of fact must be specific and definite.' *Evans v. Davis,* 186 N. C., p. 45." *Hawkins v. Carter,* 196 N. C., 538.

In *Hinsdale v. Phillips,* 199 N. C., at p. 572, citing numerous authorities, we find: "As a general rule, fraud as a ground for the rescission of contracts, cannot be predicated upon promissory representations, because a promise to perform an act in the future is not in the legal sense a representation. Fraud, however, may be predicated upon the nonperformance of a promise, when it is shown that the promise was merely a device to accomplish the fraud. A promise not honestly made, because the promisor at the time had no intent to perform it, where the promisee rightly relied upon the promise, and was induced thereby to enter into the contract, is not only a false, but also a fraudulent representation, for which the promisee, upon its nonperformance is ordinarily entitled to a rescission of the contract."

In *Young v. Hamilton,* 196 N. C., at p. 819, is the following: "pretermitting the question as to whether the defendant in her counterclaim has alleged facts sufficient to constitute a defense or a cause of action for deceit (*Stone v. Milling Co.,* 192 N. C., 585, 135 S. E., 449) we are of opinion that the evidence offered in support thereof is too vague and indefinite or too gossamery to sustain such an action or to defeat plaintiff's claim."

The deed to plaintiff was made and executed by defendant Will Willis on 19 June, 1928. He obtained a divorce from plaintiff nearly three years thereafter, February Term, 1931, Davidson Superior Court. This action was commenced 2 October, 1931, and the alleged defense of fraud, etc., set up over three years after the deed was made and in and after this action was instituted. The defendants tendered no issue of fraud nor did they except to the issues upon which the theory of the case was tried.

In *May v. Loomis,* 140 N. C., 359, the Court says: "In order to rescind, however, the party injured must act promptly and within a reasonable time after the discovery of the fraud, or after he should have discovered it by due diligence; and he is not allowed to rescind in part and affirm in part; he must do one or the other." *McNair v. Finance Co.,* 191 N. C., at p. 718.

Defendant Will Willis testified in part: "The consideration between me and my wife, was when I made her this deed that she would stop riding, running around with this man at night. . . . And I made her this deed and *she left with him three weeks after that.*"

Conceding that there was fraud, yet with the knowledge of the fraud that the defendant Will Willis alleged was practiced on him, more than three years before, he never brought an action to set aside or rescind the deed for fraud, but set up the defense of fraud in this action, over three years after he knew of the fraud. He is too late under the facts and circumstances of this case. 72 A. L. R., p. 729. Of course the three-year statute if pleaded is also applicable. C. S., 441(9); *Stancill v. Norville, ante,* 457. We see no evidence of mutual mistake.

In Black on Rescission and Cancellation, 2nd ed. (1929), part sec. 541, p. 1334, speaking to the subject: "It is also a general principle that a person who knows that he is entitled to rescind a contract cannot wait until suit is brought for payment or other enforcement of the contract and then set up his grounds of rescission, or at least, such a course is regarded with great disfavor by the courts if there has been any considerable lapse of time since his discovery of the facts."

"In *Van Gilder v. Bullen,* 159 N. C., 291, 74 S. E., 1059, it is said: 'It is also well established that the right to rescind must be exercised promptly, and if there is unreasonable delay, the right is lost, and the

party defrauded is generally relegated to his action for damages. *Alexander v. Utley,* 42 N. C., 242; *Knight v. Houghtalling,* 85 N. C., 17.' In that case it was held that the party who alleged that he had been induced to enter into the contract by fraudulent representations made by the other party had no right of rescission, as there had been a delay of about two years after the discovery of the alleged fraud, before the action in which he prayed for rescission was commenced." *Hinsdale v. Phillips, supra,* at p. 574.

Conceding that the allegations of the defendants' further answer to the complaint is plenary, yet the evidence offered by defendants is not of sufficient probative force to be submitted to a jury. We do not think the other exceptions and assignments of error made by defendants material and necessary to be considered. For the reasons given, we find

No error.