E. K. SANDERSON ET AL. v. EVELYN W. SANDERSON.

(Filed 11 October, 1933.)

**Deeds and Conveyances C f—Life tenant in this deed held liable for one-half costs of upkeep unaffected by other tenant's reconveyance.**

Plaintiffs conveyed the land in question to E. S. for the term of her life and to J. S. for the term of his life, the grantees in the deed agreeing to pay taxes levied against the property and to keep the premises insured and repaired, the deed providing for reversion to the grantors upon breach of the agreement, and that E. S. should have all rents and profits from the land not actually occupied by the grantees. J. S. then conveyed his interests in the property back to the grantors: *Held,* the grantors were estopped by their original deed from claiming any of the rents and profits from the property not actually occupied by the grantees and from denying that both the grantees were to pay the taxes and keep the property insured and in repair, and in their action to have the life estate of E. S. declared forfeited for breach of the agreement, E. S. was entitled to a judgment in her favor upon a showing that she had paid half the taxes and the cost of insurance and repairs, and to a judgment that she recover the amount paid by her for repairs and insurance above one-half the cost thereof.

APPEAL by plaintiffs from *Frizzelle, J.,* at April Term, 1933, of JOHNSTON.

Civil action to declare forfeiture of estate in lands for breach of covenant and to remove deed as cloud on plaintiffs' title.

On 7 March, 1930, the plaintiffs by warranty deed conveyed "to the said Evelyn W. Sanderson, for and during the term of her natural life, and to the said J. H. Sanderson, for and during the term of his natural life, all that certain piece or parcel of land situate in Johnston County" (describing it). This same language is repeated in the habendum clause.

Said deed contains the following stipulation: "It is understood and agreed between the parties of the first part and the parties of the second part that the grantees herein, Evelyn W. Sanderson and J. H. Sanderson, shall keep the buildings upon said premises insured in some reliable insurance company, having an agency in Johnston County, at their insurable value, and shall also pay all taxes and assessments levied against said property as they become due and payable and shall also keep up all ordinary and necessary repairs of said buildings and any failure upon the part of the grantees herein to keep said buildings insured, the taxes and assessments paid, and necessary repairs made, shall work a forfeiture of the life estate herein granted, and said property shall thereupon revert to the grantors and their heirs and assigns; and it is further agreed by and between the parties to this instrument that the rents and profits from said property herein conveyed, not actually occupied by the grantees, shall be paid to the said Evelyn W. Sanderson during her lifetime."

On the following day, 8 March, 1930, J. H. Sanderson reconveyed "all his right, title, interest and life estate" in said land back to the plaintiffs.

Plaintiffs allege that the defendant has failed to pay the taxes on said land, to keep the buildings insured, and to make necessary repairs; wherefore they ask a forfeiture of her interest therein under the provisions of the deed above mentioned.

A jury trial was waived and the court found that the defendant had paid her part of the taxes, $33.24 for insurance and $50.47 for repairs, and rendered judgment for defendant, not only that she hold the land under her deed, but also that she recover from the plaintiffs one-half of the amount expended by her for insurance and repairs. This upon the theory that plaintiffs were liable for one-half the taxes, insurance and repairs under the deed from J. H. Sanderson reconveying his interest in the land back to the plaintiffs.

Plaintiffs appeal, assigning errors.

*Hugh Pace, E. J. Wellons and Abell & Shepard for plaintiffs.*
*Parker & Lee and Wellons & Wellons for defendant.*

STACY, C. J. The judgment of the Superior Court is predicated upon the theory that the deed from the plaintiffs to Evelyn W. Sanderson and J. H. Sanderson created a joint tenancy for life, with right of survivorship (*Burton v. Cahill,* 192 N. C., 505, 135 S. E., 332), which was converted into a tenancy in common between plaintiffs and defendant by the deed of J. H. Sanderson reconveying "all his right, title, interest and life estate" to plaintiffs. 33 C. J., 914.

But it is contended by the plaintiffs that the life estate of J. H. Sanderson, when reconveyed to the plaintiffs, was swallowed up or merged in the reversion already held by them (10 R. C. L., 667; 21 C. J., 1033); and that, therefore, not only was there a severance of the joint tenancy by the J. H. Sanderson deed of reconveyance but an avoidance of a tenancy in common as well. But the plaintiffs are estopped by their original deed from claiming any part of the rents or profits of the property, not actually occupied by the grantees, during the lifetime of Evelyn W. Sanderson, and from denying that both grantees, "Evelyn W. Sanderson and J. H. Sanderson" were to keep the buildings insured and in repair and pay taxes and assessments levied against said property as they became due and payable. *Willis v. Willis,* 203 N. C., 517, 166 S. E., 398.

Affirmed.