Civil action for recovery of land and for damages.
Plaintiff alleges (1) ownership in fee of a certain tract of land in Wilson County, North Carolina, (2) unlawful possession thereof by defendant, and (3) damages. Defendant denies title of plaintiff as well as other material allegations, and by way of further answer and defense sets up various grounds — estoppel, etc.
Upon the trial below the evidence offered by the parties shows these undisputed facts:
1. Both plaintiff and defendant claim title to land in question from a common source, Robert Bailey and wife, Bettie Bailey, who held the title as tenants by the entirety.
2. In 1931 Bettie Bailey executed a deed to Robert Bailey covering the land in question. This deed was acknowledged in compliance with provisions of G.S., 52-12, formerly C. S., 2515.
3. Thereafter, on 25 January, 1932, Robert Bailey alone executed a deed to his wife, Bettie Bailey. This deed, registered 25 January, 1932, recited that the consideration for it is the cancellation of a judgment in the principal sum of about $6,900.00 taken before the Clerk of Superior Court of Nash County in favor of his wife, Bettie Bailey, and "with the intent and purpose of paying and discharging the said judgment above referred to and of conveying to and vesting in her . . . an estate in fee and severalty in said lands freed from all incidents of the joint estate or the estate by the entirety." And the deed is in fee simple form but contains no covenants of warranty.
4. Bettie Bailey died on 15 July, 1935, leaving a last will and testament in which, after providing for payment of all her just debts, she *Page 448 
devised and bequeathed all of the property, real, personal and mixed, of which she should die seized and possessed, wherever situate, in equal shares to her daughter, two sons, including defendant, and a foster son, for and during the term of their natural lives, with the provisions as to the remainder which are not necessary to be stated here.
5. On 22 August, 1935, Robert Bailey instituted two actions, one in Nash County Superior Court and the other in Superior Court of Wilson County, against the devisees under the will of Bettie Bailey, including defendant, and the administrator of her estate, for the purpose of vacating upon the ground of fraud the judgment, the cancellation of which was the consideration for his deed to Bettie Bailey, described in paragraph above, but which had not been canceled of record, and to vacate that deed for failure and lack of consideration and other causes. The action in Wilson County related to land in question. Defendants therein, after being served with summons, answered denying the allegations upon which the cause of action was based. And thereafter at November Term, 1935, of Wilson County Superior Court, judgment was entered dismissing the action. In this judgment it is recited that "it appearing to the court that the plaintiff desires to take a voluntary nonsuit in this case and further, as evidenced by his signature hereto, he agrees that he will not in the future prosecute any action or proceeding whatsoever against the defendants, their heirs, assigns, executors or administrators on account of any of the matters and things set forth in the complaint or involved in this action."
6. Thereafter, to wit, on 30 March, 1936, there was entered of record a deed of trust from Robert Bailey to C. C. Pierce, Trustee, bearing date 17 August, 1935, and purporting to convey the land in question as stated in brief of plaintiff, as security for two notes for $500 each payable to his several counsel representing him as fees in two actions including that referred to in preceding paragraph.
7. Pursuant to foreclosure of the deed of trust described in preceding paragraph, C. C. Pierce, Trustee, executed a deed to plaintiff Page C. Keel, dated 4 January, 1941, and registered 25 August, 1941.
Defendant offered the oral testimony of defendant in part as follows: ". . . I am the Willie Bailey mentioned in the will. Bettie Bailey was my mother. Robert Bailey was the husband of Bettie Bailey. I moved on this land in the fall of '36. My mother died 15 July, 1935. She was in possession at the time of her death. She came in possession of it in 1932. I went in possession of it after her death. I have been on this land about 8 years, I reckon. I moved there in the fall of '36 and have been farming ever since. . . ." *Page 449 
The case was submitted to the jury upon these issues, which, under peremptory instruction, were answered as shown:
"1. Is the plaintiff the owner of, and entitled to, the possession of the land in controversy? Answer: No.
"2. Is the defendant in the unlawful possession of any of the land in controversy? Answer: No."
From judgment in accordance with the verdict, plaintiff appeals to Supreme Court and assigns error.
The correctness of the judgment below, with which we agree, may safely rest upon the settled principle of law in this State that where the title to land is vested in husband and wife as tenants by the entirety, and the husband conveys the land to his wife, and then survives her, he and those claiming under him as his heirs at law, as well as others standing in privity to him, are estopped by his deed to claim the land. Capps v.Massey, 199 N.C. 196, 154 S.E. 52; Willis v. Willis, 203 N.C. 517,166 S.E. 398.
And there is authority for the position that this principle of estoppel applies when the deed shows that the grantor intended to convey and the grantee expected to acquire the particular estate, although the deed contains no technical covenants. Capps v. Massey, supra; Willis v. Willis,supra. See also Weeks v. Wilkins, 139 N.C. 215, 51 S.E. 909; Crawley v.Stearns, 194 N.C. 15, 138 S.E. 403; Williams v. R. R., 200 N.C. 771,158 S.E. 473; Woody v. Cates, 213 N.C. 792, 197 S.E. 561.
The deed from Robert Bailey to Bettie Bailey, under whom defendant claims, comes within the letter of this principle. The intent that this deed should convey an estate in fee is clearly expressed. Robert Bailey was estopped by his deed from claiming the land, and the plaintiff, standing in privity to him, is likewise estopped thereby.
Having reached the above conclusion, other questions stated and debated in briefs on this appeal become immaterial.
Judgment below is
Affirmed. *Page 450