MRS. PATSY FISHER JONES AND HUSBAND, S. D. JONES, v. FRANK LEWIS
AND WIFE, MRS. FRANK LEWIS.

(Filed 14 December, 1955.)

**1. Husband and Wife § 12d (4)—**

A separation agreement is terminated by the subsequent reconciliation of the parties for every purpose in so far as it remains executory.

**2. Same—**

Where a deed of separation contains a division of property and is executed in all respects in conformity with law, including the private examination of the wife, a subsequent reconciliation of the parties does not revoke or invalidate the agreement in so far as it constitutes a settlement, and the wife is thereafter estopped to claim an interest in realty conveyed by her to her husband in the deed of separation.

APPEAL by petitioners from *Phillips, J.,* April Term, 1955, of GUILFORD (Greensboro Division).

This is a special proceeding brought before the Clerk of the Superior Court of Guilford County for the partition of certain lands lying in the City of Greensboro. The petitioner Mrs. Jones claims an undivided one-half interest in these lands as a tenant in common with the respondent Frank Lewis. The respondents pleaded sole seizin, and the cause was thereafter transferred to the Civil Issue Docket of the Superior Court for trial.

Mr. Lewis and Mrs. Jones were at one time husband and wife and while they were married they acquired the lands in controversy as tenants by the entirety. They thereafter separated and entered into a formal deed of separation on 12 August, 1943. This deed of separation was recorded in the office of the Register of Deeds of Guilford County on 13 August, 1943, in Book 1018, at page 260. A copy of the deed of separation was attached to the answer of the respondents, and the petitioners in their reply admitted the due execution thereof as alleged. The marriage was later dissolved by absolute divorce and both parties are now remarried.

Mrs. Jones, by the deed of separation, conveyed her interest in the two tracts of land in controversy to Mr. Lewis, and the conveyance, incorporated in the deed of separation, not only referred specifically to the two tracts of land, but set forth a full legal description thereof. Mrs. Jones was privately examined concerning her execution of the deed of separation before the Assistant Clerk of the Superior Court of Guilford County, who found as a fact and certified that it was not unreasonable or injurious to her; and the deed of separation was referred to in her private examination as a "contract and deed of separation and conveyance."

The deed of separation incorporated a property settlement, providing in detail for the adjustment of property rights between the parties. Mrs. Jones not only conveyed her interest in the lands in controversy, but she released any interest in the merchandise and fixtures in the store operated on the premises, subject in each instance to debts and encumbrances. Mr. Lewis, on the other hand, conveyed to Mrs. Jones all the household and kitchen furniture and goods located in their home; turned over to her $475.00 (face value) in United States Savings Bonds; and paid her $600.00 in cash. He also agreed in the deed of separation to pay Mrs. Jones an aggregate sum of $7,500.00 over a five-year period, payable in equal monthly installments of $125.00 on the 12th day of each and every month during said period, and no contention has been made that this sum was not thereafter duly paid and accepted in accordance with the deed of separation.

Mrs. Jones alleges by way of reply that she and Mr. Lewis spent a night together in Charlotte several months after the execution of the deed of separation, and she contends that this constituted a reconciliation and that such reconciliation abrogated the separation agreement. Mr. Lewis states in his brief that if it had been necessary for him to testify, he would have denied that this incident took place as alleged, but he insists whether it did or not, a reconciliation would have done no more than abrogate the promissory aspects of the agreement of separation and would not affect the executed provisions of the property settlement between the parties.

The matter was heard by the trial judge who found as a matter of law that Mrs. Jones' execution of the contract and deed of separation and conveyance was "in all respects regular and in conformity with the laws of the State of North Carolina as they existed at the time of her execution thereof"; and the trial judge decreed that by her execution thereof she "is estopped to deny the title of the defendant Frank Lewis to the two tracts of land in controversy in this proceeding, as described in the petition and in the said contract and deed of separation and conveyance."

Judgment on the pleadings was therefore entered for the respondents, and the petitioners appeal, assigning error.

*Peter L. Long and James J. Caldwell for petitioners.*
*Falk, Carruthers & Roth for respondents.*

DENNY, J.   It is well established in this jurisdiction that where a husband and wife enter into a separation agreement and thereafter become reconciled and renew their marital relations, the agreement is terminated for every purpose in so far as it remains executory.   *Archbell v. Archbell,* 158 N.C. 408, 74 S.E. 327, Ann. Cas. 1913D, 261; *Moore v. Moore,* 185 N.C. 332, 117 S.E. 12; *S. v. Gossett,* 203 N.C. 641, 166 S.E. 754; *Reynolds v. Reynolds,* 210 N.C. 554, 187 S.E. 768; *Campbell v. Campbell,* 234 N.C. 188, 66 S.E. 2d 672.   Even so, a reconciliation and resumption of marital relations by the parties to a separation agreement would not revoke or invalidate a duly executed deed of conveyance in a property settlement between the parties.   An exhaustive collection of the cases on this subject may be found in 35 A.L.R. 2d Anno.: Reconciliation—What Comprises—Effect, page 707 *et seq.* through 753.   At page 727 thereof it is said: "Regardless of what the rule may be as to a settlement with executory provisions, an executed property settlement is not affected by a mere reconciliation and resumption of cohabitation."   *Simpson v. Weatherman,* 216 Ark. 684, 227 S.W. 2d 148, 18 A.L.R. 2d 755; *Miller v. West Palm Peach Atlantic Nat. Bank,* 142 Fla. 22, 194 So. 230; *Haggerty v. Union Guardian Trust Co.,* 258 Mich. 133, 242 N.W. 211, 85 A.L.R. 417; *In re Estate of Shafer,* 77 Ohio App. 105, 65 N.E. 2d 902.

Schouler, in his treatise on the law of Marriage, Divorce, Separation and Domestic Relations, Sixth Edition, section 1312, page 1561, in discussing the identical question now before this Court, says: "When the contract contains provisions for the wife which might with equal propriety have been made had no separation been contemplated, and others which would have otherwise been idle, the coming together again of the parties and their conduct may be such as to show an intention to avoid the latter and not the former.   So where the agreement for separation includes a division of property which might have been made if no separation had taken place the reconciliation does not abrogate this division."

In 17 Am. Jur., Divorce and Separation, section 735, page 552, it is said: "If an agreement between husband and wife providing for their separation goes beyond the terms of a mere separation deed and is in effect a good voluntary settlement by the husband on his wife, a subsequent reconciliation between the parties cannot affect the agreement

so far as it constitutes a settlement. Hence, the settlement must stand notwithstanding the reconciliation," citing *Haggerty v. Union Guardian Trust Co., supra,* and Anno. 40 A.L.R. 1233, and 85 A.L.R. 421.

It is well settled in this State that a conveyance from one spouse to the other of an interest in an estate held by the entireties is valid as an estoppel when the requirements of the law are complied with in the execution thereof. *Capps v. Massey,* 199 N.C. 196, 154 S.E. 52; *Willis v. Willis,* 203 N.C. 517, 166 S.E. 398; *Keel v. Bailey,* 224 N.C. 447, 31 S.E. 2d 362.

We concur in the ruling of the court below to the effect that the conveyance from the petitioner Mrs. Patsy Fisher Jones was in all respects regular, having been executed in conformity with the laws of this State at the time of the execution thereof, and that she is estopped to deny the title of the respondent Frank Lewis to the two tracts of land in controversy in this proceeding.

The judgment of the court below is

Affirmed.