## CHARLES EDWARD HUTCHINS, JR. v. CAROLYN GENEVIEVE DAVIS HUTCHINS.

(Filed 11 December 1963.)

**1. Deeds § 12—**

A quitclaim deed transfers the grantor's title as effectively as any other form of conveyance.

**2. Husband and Wife § 12—**

Separation agreements ordinarily are revoked by the subsequent renewal of marital relations by the parties, but a duly executed conveyance of property in accordance with the settlement is not revoked.

**3. Same: Husband and Wife §§ 11, 17—**

The separation agreement between the parties, duly acknowledged as required by G.S. 52-12, provided that the wife did thereby quitclaim any and all right, title and interest in particularly described property held by the entireties, and she therein agreed to execute a warranty deed conveying such interest, but the deed was not acknowledged in conformity with G.S. 52-12. The parties thereafter resumed the marital relationship. *Held:*

The deed of separation constituted a conveyance to the husband all of the wife's right, title, and interest in such property, and the resumption of the marital relationship did not affect the executed conveyance.

**4. Pleadings § 30—**

In passing upon plaintiff's motion for judgment on the pleadings, the facts alleged in defendant's pleadings must be accepted as true.

**5. Assistance, Writ of;    Courts § 9;    Judgments § 20—**

Even though judgment that the husband is the owner of the property in question is proper upon the facts admitted in the pleadings, the judgment may not provide that the wife be ejected from the premises so long as a prior order in an independent action giving the wife possession of the property remains in effect, since even if modification of such prior order be proper, it may be done only by motion in the cause in which it was entered.

APPEAL by defendant from *Walker, Special Judge*, April 1963 Session of SURRY.

Civil action to establish plaintiff's ownership and right to possession of real property in which the court, granting plaintiff's motion therefor, entered judgment on the pleadings.

There are thirteen numbered paragraphs (exclusive of the prayer for relief) in the complaint. Answering, defendant admitted categorically the allegations of paragraphs Nos. 1-9, inclusive, and of paragraphs Nos. 11 and 13.

The facts so admitted are summarized, except when quoted, as follows:

Formerly, plaintiff and defendant were husband and wife. On November 6, 1961, in an action in the Superior Court of Surry County, North Carolina, defendant obtained an absolute divorce on the ground of two years' separation.

On or about July 26, 1958, plaintiff and defendant, then husband and wife, separated; and on that date they entered into a separation agreement "which was duly executed by both parties, with privy examination and acknowledgment of the defendant before Justice of the Peace H. M. Foy."

Paragraph 2 of said separation agreement of July 26, 1958, provides:

"It is further understood and agreed that the husband will pay to the wife in a lump sum the amount of Two Thousand and Five Hundred ($2,500.00) Dollars simultaneously with the execution of this agreement and in consideration of the payment of the sum of $2,500.00 by the husband to the wife, the wife does hereby release, discharge and quitclaim any right to support, maintenance, alimony, alimony *pen-*

*dente lite,* and any and all rights of action, causes of action, claims or demands which she might or could hereafter assert against the said husband by virtue of the marital relationship presently existing between the said husband and wife, the parties herein. In addition to the foregoing and in consideration of the payment of the aforementioned sum by the husband to the wife, *the wife does hereby covenant, contract and agree to execute a warranty deed conveying any and all right, title and interest which she now owns in and to the home heretofore occupied by the parties as husband and wife, said deed to be simultaneously executed with the execution of this contract, and she does hereby quitclaim and release any and all right, title and interest in and to that certain dwelling house heretofore occupied by the parties, situated on the south side of Highway #601, in White Plains, as described in Deed Book 181, page 421 and 440, Surry County Registry, to which reference is hereby made, and said deed is hereby incorporated by reference."* (Our italics).

On July 26, 1958, plaintiff and defendant executed a warranty deed conveying to Thomas M. Faw the property in White Plains described in paragraph 2 of the separation agreement of July 26, 1958, referred to hereafter as the subject property; and on July 28, 1958, Thomas M. Faw and wife, Virginia S. Faw, conveyed the subject property to plaintiff.

On some date between July 28, 1958, and August 27, 1958, plaintiff and defendant resumed marital relations. They separated again on August 27, 1958, at which time they "duly executed and acknowledged" another separation agreement. Paragraph 2 of the separation agreement of August 27, 1958, in part, provides: "In addition to the foregoing and in consideration of the payment of the aforementioned sum by the husband to the wife, the wife does hereby release, quitclaim, and discharge any and all right, title and interest in and to any of the real property now owned by the husband or heretofore owned by the parties as tenants by the entireties and does specifically release her inchoate right of dower in and to the real property owned by the husband, party of the first part herein."

On August 27, 1958, simultaneous with the execution of the separation agreement of that date, plaintiff and defendant again conveyed the subject property to Thomas M. Faw; and on the same date Thomas M. Faw and wife, Virginia S. Faw, conveyed the subject property to plaintiff.

In November, 1958, plaintiff and defendant again resumed marital relations. They separated again in 1959.

The said separation agreements and deeds were recorded in the office of the Register of Deeds of Surry County.

In the deeds to Faw, the property is described by metes and bounds and also by reference to the deeds by which it was conveyed to plaintiff and defendant, to wit, the deeds recorded in Book 181, Page 421, and in Book 181, Page 440, said Registry.

There was no private examination of the wife or certificate in accordance with G.S. 52-12 in connection with the execution and acknowledgment of *the deeds to Faw.*

Plaintiff's controverted allegations are summarized below.

Plaintiff alleged he was ousted from the subject property in 1959; that defendant has had possession thereof but has paid no rent; and that a fair rental value is $125.00 per month. Answering, defendant admitted she had had possession; that she had paid no rent; and that $125.00 per month is a fair rental value. She alleged plaintiff was not unlawfully ousted but that defendant was given possession of the subject property in November, 1959, by an order of the Superior Court of Surry County.

Plaintiff's allegations that he is the owner of the subject property, subject to outstanding deeds of trust thereon, and is entitled to possession thereof, and that defendant has no right, title or interest therein or to possession thereof, are denied by defendant.

Defendant, for a further answer and defense, alleged in substance the following: Two children, then 13 and 18 years of age, were born of the marriage of plaintiff and defendant. At the November Term, 1959, of the Superior Court of Surry County, his Honor, Allen H. Gwyn, the Presiding Judge, upon motion of the present defendant, entered an order, after a hearing for relief *pendente lite,* in which the present defendant was granted possession "of the homeplace," to wit, the subject property, as a place of residence for the present defendant and her minor children. There has been no final judgment in the cause in which said order was entered. The separation agreements were nullified by the resumption(s) of marital relations. Plaintiff and defendant, since said absolute divorce, have been and are owners of the subject property as tenants in common. In any event, defendant is entitled to possession under Judge Gwyn's order unless and until it is modified.

Plaintiff did not reply to the allegations of defendant's said further answer and defense.

Plaintiff moved for judgment on the pleadings on the asserted ground that "the properly pleaded allegations of the answer, even if taken to be true for the purpose of this motion, do not constitute a valid and legal defense to the claim and demands set forth in the com-

plaint or to any part thereof." After a hearing on plaintiff's said motion Judge Walker entered judgment which, after recitals, provides:

"NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the plaintiff is owner of the previously described realty herein, to the exclusion of the defendant; and that the defendant is taxed with the costs of this action.

"IT IS FURTHER ORDERED that no ejectment should issue in this case against the defendant until the time for appealing this judgment has expired, or, should the judgment be appealed, until this case has been decided upon appeal. Should said appeal not be perfected, the plaintiff is entitled to have the defendant ejected from the premises."

Defendant excepted, appealed and assigns as error "the granting of plaintiff's motion for judgment on the pleadings . . ."

*Craige, Brawley, Lucas & Horton for plaintiff appellee.*
*Otis M. Oliver and Foy Clark for defendant appellant.*

BOBBITT, J.   "It is well established in this jurisdiction that where a husband and wife enter into a separation agreement and thereafter become reconciled and renew their marital relations, the agreement is terminated for every purpose in so far as it remains executory. (Citations). Even so, a reconciliation and resumption of marital relations by the parties to a separation agreement would not revoke or invalidate a duly executed deed of conveyance in a property settlement between the parties." *Jones v. Lewis*, 243 N.C. 259, 261, 90 S.E. 2d 547, and cases cited; *Harrell v. Powell*, 251 N.C. 636, 641, 112 S.E. 2d 81; *Stanley v. Cox*, 253 N.C. 620, 629, 117 S.E. 2d 826.

Too, "(i)t is well settled in this State that a conveyance from one spouse to the other of an interest in an estate held by the entireties is valid as an estoppel when the requirements of the law are complied with in the execution thereof." *Jones v. Lewis, supra,* p. 262, and cases cited; *Edwards v. Arnold*, 250 N.C. 500, 506, 109 S.E. 2d 205.

Prior to the separation agreement of July 26, 1958, plaintiff and defendant, husband and wife, owned the subject property as tenants by the entirety.

Plaintiff contends defendant, by the terms of the separation agreement of July 26, 1958, conveyed to him, as part of the property settlement then made, all her right, title and interest in the subject property. If so, under *Jones v. Lewis, supra,* the subsequent reconciliation(s) and resumption(s) of marital relations did not revoke or invalidate such conveyance.

In paragraph 2 of the separation agreement of July 26, 1958, it is provided that "she (defendant) does hereby quitclaim and release any and all right, title and interest" in and to the subject property. In addition, defendant agreed "to execute a warranty deed conveying any and all right, title and interest" she owned in the subject property, "said deed to be simultaneously executed with the execution of this contract."

On July 26, 1958, the date of the separation agreement, plaintiff and defendant executed a warranty deed for the subject property to Thomas M. Faw; and thereafter, under date of July 28, 1958, Thomas M. Faw and wife, Virginia S. Faw, conveyed the subject property to plaintiff.

The only reasonable inference is that the deed to Faw and the separation agreement were executed simultaneously in accordance with the express terms of the separation agreement. The terms of these documents disclose their interrelation as parts of a single transaction. *Sales Co. v. Weston*, 245 N.C. 621, 625, 97 S.E. 2d 267.

It is alleged and admitted that the separation agreement of July 26, 1958, "was duly executed by both parties, with privy examination and acknowledgment of the defendant before Justice of the Peace H. M. Foy." Defendant's brief states "(t)he certificate required by G.S. 52-12 appears on both separation agreements."

"The title to real property may be as effectually conveyed or transferred by a quitclaim deed as by a warranty deed or any other form of conveyance." 26 C. J. S., Deeds § 118; *Peel v. Calais*, 224 N.C. 421, 427, 31 S.E. 2d 440; *Hayes v. Ricard*, 245 N.C. 687, 691, 97 S.E. 2d 105.

Mindful of the essential parts of a valid deed, *Griffin v. Springer*, 244 N.C. 95, 92 S.E. 2d 682, and cases cited, it is our opinion, and we so hold, that defendant by the terms of paragraph 2 of the separation agreement of July 26, 1958, conveyed to plaintiff all of her right, title and interest in the subject property.

Whether, as contended by defendant, the deed of July 26, 1958, to Faw is void because not executed and acknowledged in accordance with G.S. 52-12 is not determinative. However, with reference thereto, it should be noted that this deed may not be considered a separate and distinct transaction. Rather, the agreement for the execution of such deed is an integral part of the separation agreement of July 26, 1958, and defendant's obligation to execute such deed was necessarily considered by the justice of the peace before he executed the certificate (required by G.S. 52-12) attached to said separation agreement of July 26, 1958.

In *Fisher v. Fisher*, 217 N.C. 70, 6 S.E. 2d 812, heard on demurrer to complaint, this Court considered a different factual situation. The separation agreement then considered contained no reference to the specific property in controversy. Nor did it refer to property held by the parties thereto as tenants by the entirety. The separation agreement provided that the wife was to hold "all real estate and personal property which she may now own, or hereafter acquire," free from all rights of the husband, and that the husband was to hold "any real or personal property which he may now own, or hereafter acquire, other than that hereby specifically mentioned," free from any claim on the part of his wife. Moreover, as stated in the opinion of Winborne, J. (later C.J.): "Careful examination fails to reveal any *indicia* in the deed of separation that the deed to the trustee should be executed as a part of the separation agreement, nor is there in the deed to the trustee any reference to the deed of separation."

Having reached the conclusion that defendant, by said separation agreement of July 26, 1958, whether considered alone or in conjunction with said deed of July 26, 1958, conveyed to plaintiff all her right, title and interest in the subject property, we need not consider defendant's contention that G.S. 52-12.2, a curative statute, is unconstitutional. Decision on this appeal is not based on G.S. 52-12.2.

In passing upon plaintiff's motion for judgment on the pleadings, we must accept as true the facts alleged in defendant's further answer and defense. It appears therefrom that Judge Gwyn in an order dated November 30, 1959, granted defendant the possession of the subject property as a place of residence for herself and two children. The facts with reference to the present status of the action in which such order was entered are not disclosed. For present purposes, we must assume there has been no modification of Judge Gwyn's order. Whether such order, if presently in effect, should be modified in the light of subsequent events is properly determinable upon motion in the cause in which it was entered. Suffice to say, until the facts with reference to the present status of said order and of the action in which it was entered are ascertained, no judgment or writ of ejectment should be entered or issued in this cause.

There is error in the portion of the judgment in which it is adjudged that plaintiff is entitled to have defendant ejected from the subject property. Hence, the judgment is modified by striking therefrom the paragraph containing these provisions, to wit, the second (final) paragraph of the judgment proper. As so modified, the judgment of the court below is affirmed.

In the circumstances, it is ordered that each party be and is taxed with one-half of the costs incident to the appeal.

Modified and affirmed.