C. C. MILLS v. W. M. TABOR ET AL.

(Filed 21 December, 1921.)

1. **Deeds and Conveyances—Married Women—Free Trader—Probate—Consideration—Equitable Title—Legal Title.**

Where a married woman conveys her land without the written consent of her husband under an invalid registration as a free trader, and has received the full consideration therefor, a part before and a part after her husband's death, it vests the equitable title in her grantee and those claiming under him, which, under a consent judgment between the parties, may vest the legal title to the lands in him.

2. **Same—Registration—Liens—Judgments—Mortgages.**

Where there is a lien by judgment against the holder of an equitable title, C. S., 614, to lands who also holds a registered mortgage from his grantee under an unregistered deed to secure the balance of the purchase price, his deed registered after the lien of the judgment had taken effect, cannot render the lien under the mortgage superior to the judgment lien, and equity will remove the lien of the mortgage as cloud upon the title of the purchaser at the execution sale holding the sheriff's deed. *Mayo v. Staton,* 137 N. C., 680.

3. **Same—Estoppel.**

Where the judgment creditor and a mortgagee under a prior registered mortgage claim the land from the same person, they are ordinarily estopped to deny the title of their common source, but where the deed from this common source, upon which the mortgagor's title depends, has been registered after the judgment lien has taken effect, this element of estoppel does not apply to the purchaser at the execution sale.

APPEAL by plaintiff from *Harding, J.,* at the August Term, 1921, of CHEROKEE.

Hattie Palmer, who was defectively registered as a free trader, conveyed, without the joinder of her husband, the lands in dispute to W. M.

Tabor by deed dated 26 December, 1916, and registered 2 days thereafter, in consideration of $2,500, of which Tabor paid $1,000 in cash and executed 3 notes of $500 each for the balance payable 1, 2, and 3 years after date and secured by a mortgage deed on the land.

Tabor and wife, by deed of 23 January, 1918, conveyed said lands to Allen Ashe for the consideration of $2,600, of which $200 was paid in cash, and Ashe assumed the debt of $1,500 to Mrs. Palmer, and gave Tabor a mortgage deed for the balance, $900. The mortgage deed to Tabor was registered 1 April, 1919, but the deed from Tabor to Ashe was not registered till 24 December, 1919.

At November Term, 1919, of Cherokee, which began 3 November, 1919, the plaintiff Mills obtained a judgment against W. M. Tabor for $2,032.32, which was duly docketed and indexed. Tabor's homestead was allotted, the lands described in the complaint were sold under execution and purchased for Mills.

Hattie Palmer's husband died 21 October, 1918. After his death, while a widow, she accepted payment of the two last notes from Allen Ashe, who had paid the first of the 3 notes to Mrs. Palmer before her husband's death.

On 23 December, 1920, after the sale under execution and after Mills had sued Ashe for possession, Mrs. Palmer executed to Ashe a deed for said lands. Mills paid Ashe back the $1,500 he had paid Mrs. Palmer, and Mills was, by a consent judgment, decreed owner of the land. Tatham owns the note from Ashe to Tabor for $900, and this action is brought to have the mortgage from Ashe to Tabor removed as a cloud upon Mills' title. Upon the agreed state of facts as above, the court entered judgment that the mortgage from Allen Ashe to the defendant W. M. Tabor was a valid lien upon the property described in the complaint to secure a note of $900, and that the defendants should recover of the plaintiff their costs of the action. Appeal by plaintiff.

*Dillard & Hill for plaintiff.*
*J. N. Moody for defendants.*

CLARK, C. J. The deed from Hattie Palmer to A. M. Tabor, dated 26 December, 1916, was defective in that her husband did not give his written assent to the conveyance, but Tabor paid her $1,000 in cash and executed his three notes for $500, which were secured by his mortgage on the land back to Mrs. Palmer. One of these notes was paid to her during her husband's life, and the balance of the purchase money was paid to her after she had become a widow by Allen Ashe, who was the grantee in a deed from Tabor. Mills paid Ashe back the $1,500 he had

paid Mrs. Palmer, and by a consent judgment, to which Mills, Ashe, and Mrs. Palmer were parties, Mills has been declared the owner of said lands.

This controversy is over the question whether the $900 note secured by the mortgage from Ashe to Tabor, which was registered prior to the date of the sale under execution in favor of Mills, is a lien upon the title of Mills, which accrued by purchase under the execution against Tabor under a judgment against Tabor docketed prior to the registration of Tabor's deed to Ashe.

It is true that the deed to Tabor by Mrs. Palmer was defective for want of the written consent of her husband, but in addition to $1,000 cash paid to her by Tabor, and by the acceptance by her after she became a widow of the balance of the purchase money, he became the full equitable owner of the property. *Sills v. Bethea,* 178 N. C., 315. She could not assert any title against him, and certainly no one else could, and under the execution sale. against Tabor the purchaser, Mills, stood in the shoes of Tabor and acquired his interest in the land except as against his grantee, Ashe. But Ashe's title by virtue of Tabor's deed is inferior to the lien of Mills' judgment, which was docketed first. Tabor executed a deed to Ashe 23 January, 1918, but it was not registered till 24 December, 1919, and in the meantime the judgment by Mills against Tabor was obtained at November Term, 1919 (which began on 3 November), and under it the purchaser, Mills, has title which is good against the deed for the same interest from Tabor to Ashe, which was not registered till after the lien of the judgment. Mills' title, therefore, is superior to the deed from Tabor to Ashe.

It is true that Ashe executed back a mortgage on this property to Tabor for $900 to secure the balance of the purchase $900, but that though registered 1 April, 1919, could have no effect as against the lien of Mills' judgment, as the deed from Tabor to Ashe for the land was not registered till after Mills' judgment was docketed. We are, therefore, of the opinion that by the payment of the purchase money and the acceptance of the balance thereof after Mrs. Palmer became a widow the equitable title was vested in Tabor. By virtue of the judgment against Tabor in favor of Mills, and his purchase of land under the execution, he acquired the interest of Tabor, prior to the conveyance of the same interest by Tabor to Ashe, which was not recorded till after the lien of the judgment, and hence the $900 mortgage executed by Ashe back to Tabor to secure the note assigned to the defendant Tatham is a cloud upon the title which the plaintiff is entitled to have removed. The mortgage secured by this note was registered prior to the lien of the judgment, but at that time the conveyance from Tabor to Ashe not being recorded, such mortgage conveyed no interest as against the judgment of Mills.

Both the plaintiff and the defendants derive their title from Tabor, and they cannot contest the title conveyed to him by Hattie Palmer. The plaintiff claims under a judgment, by virtue of an execution issued on which the plaintiff Mills acquired the sheriff's deed. The assignee, John A. Tatham, holds under a mortgage executed by Ashe back to Tabor, and has no claim except ·by virtue of the deed from Tabor to Ashe, and that not having been recorded till ·after date of the judgment obtained by Mills, Mills is entitled to a decree confirming his title, and to remove the defendant's claim as a cloud upon plaintiff's title.

Both the plaintiffs and the defendant claim under Tabor, and the title which has accrued to him from Mrs. Palmer, as above stated. The sole controversy is whether the plaintiff has acquired by judgment and execution the interest of Tabor in the land by a lien prior to the interest which Ashe acquired by Tabor's deed, which was not registered till after the lien of the docketed judgment under which Mills purchased. The mortgage securing the note, executed by Ashe to Tabor, and assigned by him to Tatham, though the mortgage was registered prior to the judgment, is invalid as against the lien of the judgment, since the mortgage had nothing upon which to rest.

Though Tabor, and those claiming under him, would be estopped as to Ashe by his warranty deed, this does not affect the lien acquired under the judgment against Tabor, which was docketed before his deed to Ashe was registered. Whatever the title or interest of Tabor in the land, his junior registered conveyance thereof is inferior to title acquired by sale under execution upon the prior docketed judgment.

The plaintiff is entitled to a decree removing the claim of the defendant as a cloud upon his title.

Reversed.