### WILLIAM WIMES ET AL. v. J. A. HUFHAM ET AL.

(Filed 28 March, 1923.)

**Deeds and Conveyances—Registration—Notice—Mortgages—Judgments —Execution—Sales.**

> A sale of land under the execution of a judgment in the due course and practice of the court, and conveyance to the purchaser at the sale, regular in form and sufficiently describing the land, conveys the title superior to that of an unregistered deed from the judgment debtor to another, previously made, no notice, however formal, being sufficient to supply that required by registration; though a mortgage for the balance of the purchase price had been given by the grantee of the debtor, and duly registered before the docketing of the judgment, under the execution of which the conveyance had been made to the purchaser at the sale. C. S., 3309, 3311.

APPEAL by defendant, Rena Peterson, from *Sinclair, J.,* at February Term, 1923, of NEW HANOVER.

Civil action to recover of the defendants J. A. Hufham and wife upon their promissory notes, and to foreclose mortgage given to secure payment of same. The defendant Rena Peterson claimed to be the owner of the property covered by the mortgage, and asked that said mortgage be removed as a cloud on her title.

From a judgment and order of foreclosure in favor of plaintiffs, the defendant Rena Peterson appealed, assigning errors.

*S. M. Empie for plaintiffs.*
*McNorton & McIntire and Weeks & Cox for defendant Peterson.*

STACY, J. On 30 March, 1915, William Wimes, one of the plaintiffs in this action, being the owner in fee of the land described in the com-

plaint and covered by the mortgage sought to be foreclosed, conveyed the same by deed regular in form to the defendants J. A. Hufham and wife, Attie Lee Hufham, at and for the price of $3,000. The deed aforesaid was duly executed and delivered to the grantees named therein, but the same has never been registered in the office of the register of deeds for New Hanover County, the county wherein the land lieth. C. S., 3309. On the same date, 30 March, 1915, the defendants Hufham and wife executed and delivered to Wimes their three promissory notes, aggregating $2,000, and representing the unpaid balance of the purchase price of said land; giving as security for the payment of said notes a purchase-money mortgage on the property in question. This mortgage was duly registered the following day, 31 March, 1915.

Nearly two years later, on 21 February, 1917, L. W. Moore obtained a judgment against the said William Wimes and had the same docketed in the office of the clerk of the Superior Court for New Hanover County. Under an execution issued on this judgment, the land in question was duly sold by the sheriff of New Hanover County, on 4 April, 1917, to William Struthers, who became the last and highest bidder at said sale. Struthers obtained a deed from the sheriff for the land purchased by him and had the same duly registered in the office of the register of deeds for New Hanover County. Immediately thereafter, William Struthers and wife, by deed regular in form and for a valuable consideration, sold and conveyed the said land to Rena Peterson, who, after duly registering her deed, entered upon the land, and has since remained and is now in the possession thereof.

On 17 December, 1920, William Wimes sold and transferred the three promissory notes mentioned above to L. B. Mankim, but there was no assignment of the purchase-money mortgage given to secure the payment of said notes. This suit was instituted on 19 March, 1921, to recover on the notes and to foreclose the mortgage given as security for their payment.

We think it is clear from the above recital that the title of Rena Peterson to the land in question is superior to that of the plaintiffs. *Mills v. Tabor,* 182 N. C., 722.

It was admitted on the hearing that the judgment of L. W. Moore against William Wimes was regular in all respects; that the execution sale was properly and regularly made; that the deeds from the sheriff to William Struthers and from William Struthers and wife to Rena Peterson were properly executed, delivered, and registered; and that said deeds purport to convey the property described in the complaint by proper metes and bounds. Upon this admission, and under all the evidence, we think his Honor should have instructed the jury that Rena Peterson was the rightful owner of the property and entitled to a decree

canceling the mortgage in question, and removing same as a cloud on her title.

The Connor Act of 1885, now C. S., 3309, provides: "No conveyance of land, or contract to convey, or lease of land for more than three years, shall be valid to pass any property, as against creditors or purchasers for a valuable consideration, from the donor, bargainor, or lessor, but from the registration thereof within the county where the land lies." This would seem to settle the matter against the plaintiffs' claim, so far as the mortgage in question is concerned. The quotation from the act of 1885 contains substantially the same language as that used in the act of 1829, now C. S., 3311, requiring the registration of mortgages and deeds of trust; and the uniform construction of this latter act has been to the effect that such instruments are of no validity whatever, as against creditors and purchasers for value, unless they are registered; and they take effect only from and after registration. *Bostic v. Young,* 116 N. C., 770. True, Wimes' mortgage was registered prior to the docketing of the Moore judgment under which the defendant claims, but there was no registered title in Hufham and wife to support the mortgage as against creditors and purchasers for value. *Mills v. Tabor, supra.* No notice to a purchaser, however full and formal, will supply the place of registration required by the statute. *Tremaine v. Williams,* 144 N. C., 116; *Quinnerly v. Quinnerly,* 114 N. C., 145.

It appearing that L. B. Mankim was a purchaser for value and a holder in due course of the notes sued on, the defendants J. A. Hufham and wife made no resistance at the trial against a judgment in his favor on said notes; and there is no appeal from this part of the judgment.

For the error in regard to the claim of Rena Peterson, there must be a new trial, and it is so ordered.

New trial.