C. S. DAVIS, EXECUTOR OF THE ESTATE OF S. G. GARNER, AND DR. W. N. McDUFFIE, EXECUTOR OF H. M. SHIELDS, v. W. J. COCKMAN AND DORA COCKMAN, HIS WIFE.

(Filed 19 May, 1937.)

1. **Judgments § 5—Private examination of wife need not be taken in confession of judgment by husband and wife in favor of creditors.**

A judgment by confession in favor of creditors against a husband and wife is valid if taken in conformity with C. S., 623, 624, 625, and the private examination of the wife is not necessary, the statute, C. S., 2515, being applicable only to contracts between husband and wife, and the wife being *sui juris* and having capacity to make the contract sued on, C. S., 2507.

2. **Limitation of Actions § 2a—**

An action on a judgment by confession is not barred until ten years after its rendition. C. S., 437.

APPEAL by defendants from *Finley, Emergency Judge,* at December Term, 1936, of MOORE. No error.

This is an action brought by plaintiffs against defendants to recover $881.19, on a judgment rendered on 29 December, 1925, with interest from 29 December, 1925, and $7.00 cost.

The basis of the action is a confession of judgment rendered in favor of H. M. Shields and S. G. Garner, copartners, doing business under firm name of Shields & Garner, against W. J. Cockman and Dora Cockman. The plaintiffs are the duly appointed and qualified executors of the estates of Shields and Garner.

The present action was instituted 17 December, 1935, and summons and copy of complaint served on defendants 24 December, 1935. In the answer defendants set up as a defense the illegality of the judgment.

The issues submitted to the jury, and their answers thereto, were as follows:

"1. What amount, if anything, are the defendants indebted to the plaintiffs? Ans.: '$881.19, with interest from 29 December, 1925.'

"2. Is plaintiffs' cause of action barred by the statute of limitations? Ans.: 'No.'"

Judgment was rendered on the verdict. The defendants made numerous exceptions and assignments of error and appealed to the Supreme Court.

*M. G. Boyette and Gavin & Jackson for plaintiffs.*
*W. R. Clegg for defendants.*

CLARKSON, J. The defendants contend that the questions involved are: (1) Should the motion for nonsuit at the close of plaintiffs' evidence have been allowed? (2) Is the demurrer *ore tenus* interposed by the defendants good? We do not think defendants' contentions can be sustained.

We think the confession of judgment was taken in accordance with the statute. C. S., Art. 24, secs. 623, 624, and 625.

C. S., 437, in part, is as follows: "Within ten years an action—(1) Upon a judgment or decree of any court of the United States, or of any state or territory thereof, from the date of its rendition. No such action may be brought more than once, or have the effect to continue the lien of the original judgment," etc. The record discloses that the present action was instituted within 10 years.

The court below gave the following instructions, which we think correct: "Gentlemen, there are two issues submitted, first: 'What amount, if any, are the defendants indebted to the plaintiffs?' I charge you, if you believe the evidence and are satisfied from it by the greater weight, that you will answer that issue 'Eight hundred and eighty-one dollars and nineteen cents, with interest from 29 December, 1925.' The second issue is: 'Is the plaintiffs' cause of action barred by the statute of limitations?' I charge you that, if you believe the evidence and are satisfied from it by the greater weight, that you will answer that issue 'No.' Take the issues, gentlemen, and return your verdict." The jury returned the verdict as above set forth.

Defendants contend that the charge is contrary to C. S., 2515, which is as follows: "No contract between a husband and wife made during coverture shall be valid to affect or change any part of the real estate of the wife, or the accruing income thereof for a longer time than three years next ensuing the making of such contract, or to impair or change the body or capital of the personal estate of the wife, or the accruing income thereof, for a longer time than three years next ensuing the making of such contract, unless such contract is in writing, and is duly proved as is required for conveyances of land; and upon the examination of the wife separate and apart from her husband, as is now or may

hereafter be required by law in the probate of deeds of *femes covert,* it shall appear to the satisfaction of such officer that the wife freely executes such contract, and freely consented thereto at the time of her separate examination, and that the same is not unreasonable or injurious to her. The certificate of the officer shall state his conclusions, and shall be conclusive of the facts therein stated. But the same may be impeached for fraud as other judgments may be."

The confession of judgment in the present action, is not between husband and wife, but by creditors against defendants. Therefore the above statute is not applicable.

C. S., 2507, is as follows: "Subject to the provisions of section 2515 of this chapter, regulating contracts of wife with husband affecting *corpus* or income of estate, every married woman is authorized to contract and deal so as to affect her real and personal property in the same manner and with the same effect as if she were unmarried, but no conveyance of her real ·estate shall be valid unless made with the written assent of her husband as provided by section six of article ten of the Constitution, and her privy examination as to the execution of the same taken and certified as now required by law."

The defendants made the contract with plaintiffs and the confession of judgment was based on same. By statute the defendant Dora Cockman is *sui juris* and had the capacity to make the contract and is bound by same. *Taft v. Covington,* 199 N. C., 51. See *Bank v. McCullers,* 201 N. C., 412; *S. c.,* 440.

For the reasons given, we see no error in the judgment of the court below.

No error.