EDWIN TRIPP, ADMINISTRATOR OF ALICE LANGSTON, DECEASED, v. C. E. LANGSTON AND WIFE, ALMETA LANGSTON.

(Filed 16 October, 1940.)

1. **Estoppel § 1—Grantor conveying substantial estate by full warranty deed is estopped to claim any interest in land as against grantee.**

    The owners of land executed a mortgage on same to secure a note. Thereafter they executed a deed to the husband of the mortgagee. Two years later the mortgagee and her husband executed and delivered full warranty deed for the premises in fee to the male mortgagor. *Held:* At the time of executing the warranty deed, the *feme* grantor owned an inchoate dower right and, as mortgagee, the legal title coupled with an interest, and was thus the grantor of a substantial estate, and the warranty deed estops her, and, upon her death, her administrator, from claiming any interest in the land by virtue of the mortgage, and further, the contention that she joined in the warranty deed merely for the purpose of releasing her inchoate dower is untenable, the deed being general in its terms. The equitable doctrine of feeding an estoppel through an after acquired title has no application.

2. **Estoppel § 7—**

    Since, in this State, the common law disabilities of a married woman to contract, with certain exceptions, have been removed, she is bound by an estoppel the same as any other person.

3. **Estoppel § 1: Mortgages § 17: Trial § 52—Even though warranty deed estops grantor from asserting claim under prior mortgage, it does not prevent her from asserting note as unsecured claim.**

    This action was instituted by the administrator to establish the existence of a note executed to intestate and to recover the amount due thereon, and to foreclose a mortgage executed as security for the payment of the note. Defendant mortgagors contended that subsequent to the

execution of the mortgage they conveyed the land to the mortgagee's husband, and that thereafter the mortgagee and her husband executed full warranty deed to the male mortgagor, and pleaded the warranty deed as an estoppel. The parties admitted the execution of the respective instruments and agreed that the court might determine the issue of estoppel before the introduction of evidence relating to the other issues raised by the pleadings. The court found in favor of defendants on the issue of estoppel and further adjudged that plaintiff recover nothing of defendant. *Held:* The warranty in the deed constituting the basis of the estoppel was against prior encumbrances, and while it estops plaintiff from claiming any right or interest under the mortgage, it does not estop him from asserting the note as an unsecured claim, and the parties not having agreed that the court might determine the issue of indebtedness, the portion of the judgment attempting to adjudicate the rights of the parties on the cause of action on the note is erroneous, and the judgment is modified accordingly.

APPEAL by plaintiff from *Bone, J.,* at March Term, 1940, of PITT. Modified and affirmed.

Civil action to recover amount alleged to be due on a promissory seal note and to foreclose mortgage securing same.

On 31 December, 1930, defendants executed a note in the sum of $2,935.00, payable to plaintiff's intestate. At the same time they executed a mortgage deed on a certain tract of land in Pitt County as security for the payment of the note. On 5 January, 1931, defendants executed and delivered to C. H. Langston, husband of plaintiff's intestate, a deed for the land described in the mortgage. On 3 January, 1933, C. H. Langston and his wife, plaintiff's intestate, executed and delivered to the defendant C. E. Langston, a deed for said premises in fee. The deed contained full covenants, including a warranty "that the same are free from all encumbrances."

Alice Langston, the mortgagee, having died, the plaintiff, as administrator, instituted this action 24 March, 1939. The complaint sets out two causes of action: (1) To establish the existence of the note, alleged to be lost, and to recover the amount due thereon; and (2) to foreclose the mortgage executed as security for the payment of the note. The defendants denied the indebtedness and pleaded the covenants of warranty contained in the deed dated 3 January, 1933, as an estoppel.

When the cause came on to be heard and after a jury had been impaneled "the plaintiff, through his counsel, suggested that the question of estoppel raised by the defendants' answer be determined preliminary to the introduction of evidence upon the other issues raised on the pleadings." For that purpose defendants admitted the execution of the mortgage dated 31 December, 1930, and the note secured thereby and the parties admitted the execution and delivery of the several instruments above recited and agreed that the tract of land described in each of the instruments is identical.

Upon a consideration of the mortgage and deeds admitted the court adjudged: (1) That plaintiff is estopped by the covenants contained in the deed dated 3 January, 1933, from asserting any right, title, interest or estate in said tract of land; and (2) that the plaintiff recover nothing of the defendants and that the plaintiff pay the cost. The plaintiff excepted and appealed.

*J. B. James, Albion Dunn, and Louis C. Skinner for plaintiff, appellant.*

*J. A. Jones for defendants, appellees.*

BARNHILL, J. Plaintiff's intestate was a party to the covenants contained in the deed dated 3 January, 1933, executed by her and her husband to the defendant C. E. Langston. She thereby covenanted that the premises in controversy were free from encumbrances. At the time she not only owned an inchoate right of dower but as mortgagee she owned the legal title coupled with an interest. Thus, she was the grantor of a substantial estate in the land and "a grantor of land with full covenants of warranty is estopped to claim any interest in the granted premises. And where he holds a prior mortgage on the premises he can assert no rights as mortgagee against his grantee." 10 R. C. L., 677; *Bechtel v. Bohannon,* 198 N. C., 730, 153 S. E., 316; *Bank v. Johnson,* 205 N. C., 180, 170 S. E., 658; 19 Am. Jur., 607. In this State the common law disabilities of a married woman to contract, with certain exceptions, have been removed and she is bound by an estoppel the same as any other person.

The plaintiff's contention that his intestate joined in the deed for the mere purpose of releasing her inchoate right of dower cannot be sustained. The deed is general in its terms. There is nothing therein to restrict her joinder to her dower interest any more than there is to restrict it to her interest as mortgagee. Furthermore, the equitable doctrine of feeding an estoppel through an after-acquired title has no application.

The court correctly adjudged that the plaintiff is estopped from asserting any claim of right, title, interest or estate in or to the lands in controversy by reason of the covenants contained in the deed to the defendant C. E. Langston.

But the court went further. It adjudged that the plaintiff recover nothing of the defendants. In so doing it apparently overlooked plaintiff's first cause of action. There was no waiver of a jury trial and no agreement to submit the issue of indebtedness to the court. The covenant was against encumbrances. It does not estop plaintiff from asserting the debt as an unsecured claim or discharge the liability, if any, of defendants on their note, the execution of which they admit.

It follows that so much of the judgment as attempts to adjudicate the issues raised on plaintiff's first cause of action was erroneous. The court was without authority to enter final judgment thereon or to dismiss plaintiff's first cause of action. The judgment below will be modified accordingly.

Modified and affirmed.