FLORENCE HARRELL, A WIDOW, v. H. EMMETT POWELL AND WIFE, MILDRED F. POWELL; WAYNE REDEVELOPMENT COMPANY, INCORPORATED, AND N. E. MOHN, JR.

(Filed 14 January, 1960.)

1. Pleadings § 15—
   A demurrer admits relevant facts well pleaded and inferences of fact necessarily deducible therefrom.

2. Equity § 2: Limitation of Actions § 16—
   Neither a statute of limitations nor laches may be taken advantage of by demurrer.

3. Estoppel § 6—
   Ordinarily an estoppel, including estoppels by deed, must be pleaded, but when the matter constituting the basis of the estoppel is shown on the face of the opponent's pleading the estoppel may be raised by a special demurrer specifically pointing out the matter constituting the estoppel.

**4. Husband and Wife § 4—**

   A married woman has the right to deal with her separate property to the same extent as if she were unmarried subject to the exceptions that she must comply with the provisions of G.S. 52-12 in contracting with her husband affecting the corpus or income of her estate and that she may not convey her real estate except with the written consent of her husband. G.S. 52-2, G.S. 39-7.

**5. Same: Estoppel § 5—**

   While a deed or contract to convey executed by a feme covert without the joinder of her husband cannot estop her during coverture, the sole remedy against her during coverture being an action for damages, after the death of the husband the legal restrictions are removed and she is subject to be estopped to the same extent as any other person.

**6. Same—**

   The rule that a married woman may be estopped by her separate deed or contract to convey realty after the death of the husband applies to a conveyance of lands held by them by the entireties, and she will be estopped by a warranty deed to lands held by the entireties notwithstanding that the husband at the time of the conveyance was mentally incompetent.

**7. Same: Estoppel §§ 1, 8—**

   Whether a quitclaim deed constitutes an estoppel depends upon its language, and therefore a demurrer on the ground of estoppel by deed and contract to convey cannot be sustained when the instruments do not appear in the pleadings, but the estoppel must be pleaded so that the question may be determined on the basis of the terms of the option contract and whether the deed was a warranty deed or a quitclaim deed, and, if a quitclaim deed, its provisions.

   HIGGINS, J., took no part in the consideration or decision of this case.

   APPEAL by plaintiff from *Sharp, S. J.,* June 1958 Term, of WAYNE. The substance of the complaint is as follows:

   Plaintiff, Florence Harrell, is widow of L. J. Harrell who died in January 1955. Prior to January 1950 plaintiff and her husband owned, as tenants by the entirety, a tract of land in Goldsboro Township, Wayne County, containing approximately 93 acres. On 23 January 1950 they executed and delivered to defendant, H. Emmett Powell, a purported option and contract to convey said land, which instrument is duly recorded in Book 353, at page 534, Wayne County Registry. About 14 September 1950 they executed and delivered to Wayne Redevelopment Company, Inc., assignee of Powell, a purported deed of conveyance for said land, which deed is dated 7 September 1950 and duly recorded in Book 360 at page 280, Wayne County Registry. For six years prior to his death L. J. Harrell, late husband of plaintiff, "due to emotional and mental strain and physical illness and infirmi-

ties, was mentally incompetent from lack of understanding to transact his business or to execute a valid contract or deed, and was, likewise, incompetent for want of understanding to join in a deed with plaintiff herein or to give his assent to a conveyance of any interest of plaintiff in and to the property described . . ." The corporate defendant executed and delivered to a trustee on 18 December 1956 a deed of trust to secure notes payable to defendants Powell and Mohn; this deed of trust is recorded in Book 450, at page 302, Registry of Wayne County. Subject to the deed of trust and at the instance of defendant Powell the corporate defendant conveyed the land in question to seven individuals as tenants in common by deed dated 20 December 1956 and recorded in Book 457, at page 584, Wayne County Registry. The deed purports to convey to Powell 89% undivided interest and Mohn 5%. The corporate defendant has been dissolved and Mohn is its process agent. Defendants are collecting substantial monthly rentals from this land. Plaintiff prays that all of the instruments referred to be declared void and clouds on plaintiff's title, for appointment of a receiver and an accounting for rents.

Defendants demurred to the complaint. The court sustained the demurrer.

From judgment sustaining the demurrer and dismissing the action plaintiff appealed and assigned error.

*Lucas, Rand and Rose; Naomi E. Morris; George N. Vann, and Dees, Dees & Smith for plaintiff, appellant.*
*Hubbard & Jones and McLendon, Brim, Holderness & Brooks and Hubert Humphrey for defendants, appellees.*

MOORE, J. This cause was here at the Fall Term 1958. *Harrell v. Powell,* 249 N.C. 244, 106 S.E. 2d 160.

The defendants state, as cause for demurrer, that the facts alleged in the complaint are insufficient to constitute a cause of action, that the action, if any, is barred by specified statutes of limitation and laches, that plaintiff is estopped by her contract and deed, and that plaintiff does not allege that L. H. Harrell was incompetent on the date of execution of the deed.

A demurrer is construed as admitting relevant facts well pleaded and inferences of fact necessarily deducible therefrom. *Board of Health v. Louisburg,* 173 N.C. 250, 253, 91 S.E. 1019. In the light of this principle, the allegation of incompetency of plaintiff's husband at the time of the execution of the deed is sufficient and the allegation for the purposes of this appeal is taken to be true.

Neither a statute of limitations nor laches may be taken advantage

of by demurrer. *Stamey v. Membership Corp.*, 249 N.C. 90, 96, 105 S.E. 2d 282; *Queen v. Sisk*, 238 N.C. 389, 392, 78 S.E. 2d 152.

"An estoppel is new matter and must generally be pleaded as a defense . . . and this applies to . . . estoppels by deed . . ." 1 McIntosh, North Carolina Practice and Procedure, sec. 1236(7), p. 673. Ordinarily the defense of estoppel may not be raised by demurrer. *Aldridge Motors, Inc., v. Alexander*, 217 N.C. 750, 756, 9 S.E. 2d 469. But "when the matter constituting the estoppel is shown on the face of the opponent's pleadings, the question of estoppel may be raised by demurrer. 19 Am. Jur., Estoppel, sec. 182, p. 839. But "the demurrer must be special, rather than general, and point out specifically the matter constituting the estoppel." *Perry v. Doub*, 238 N.C. 233, 237, 77 S.E. 2d 711.

The demurrer in this case with respect to estoppel is special. It says: "It appears from the complaint the plaintiff is estopped from asserting her claim by reason of her own action as tenant by the entirety in executing and assenting to the option and deed conveying the property in question to the Wayne Redevelopment Company, Inc., . . ."

This question then arises: Is plaintiff, under the circumstances alleged in the complaint, estopped by her option contract and deed to assert title to the *locus in quo*?

Since the Martin Act, Chapter 109, P.L. 1911, G.S. 52-2, "every married woman is authorized to contract and deal so as to affect her real and personal property in the same manner and with the same effect as if she was unmarried." This is subject to two exceptions: (1) She must comply with the provisions of G.S. 52-12 in contracting with her husband affecting the corpus or income of her estate; (2) She may not convey her real estate except with the written assent of her husband. G.S. 52-2; G.S. 39-7.

A married woman is *sui juris* with respect to her contracts. *Etheridge v. Wescott*, 244 N.C. 637, 642, 94 S.E. 2d 846; *Davis v. Cockman*, 211 N.C. 630, 632, 191 S.E. 322. Where a *feme covert* contracts to convey her land, without her husband joining in the contract, specific performance may not be enforced during the coverture, if he refuses to join in the conveyance, but she may be held responsible in damages. *Warren v. Dail*, 170 N.C. 406, 410, 87 S.E. 126. During coverture she is not estopped by her separate deed and such deed is void. *Buford v. Mochy*, 224 N.C. 235, 29 S.E. 2d 729. But where a married woman conveys her real estate without the assent of her husband, if she survives her husband she may not, after his death, recover the land or defeat the title of her grantee, or those in privity with him, on the ground that the deed was void for lack of assent of

her husband at the time of execution. *Mills v. Tabor*, 182 N.C. 722, 109 S.E. 850; *Sills v. Bethea*, 178 N.C. 315, 100 S.E. 593. It is true in these cases that there were acts on the part of grantors after death of the husbands which might be considered ratifications. But apparently these were not the controlling factors. In the *Sills* case, page 317, it is said: "While the husband lived the obligation of the contract could be enforced only by an action for damages . . . , for the reason that the court could not require specific performance because it could not compel the husband to give his written assent . . . , but the husband being dead there is no obstacle now in requiring the plaintiff to comply with her contract by specific performance."

This Court has said: "In this State the common law disabilities of a married woman to contract, with certain exceptions, have been removed and she is bound by an estoppel the same as any other person." *Tripp v. Langston*, 218 N.C. 295, 297, 10 S.E. 2d 916. But it is further stated: "Estoppel is applied against those who are capable of acting in their own right in respect of the matter at issue, and not against those under specific disability in respect of it. *Morris Plan Co. v. Palmer*, 185 N.C. 109, 116 S.E. 261. To the extent that a married woman is authorized to deal with her property as a *feme sole* she is liable on her contracts and subject to estoppel, *Council v. Pridgen*, 153 N.C., 443, 69 S.E. 404, but otherwise her disability may not be circumvented or the pertinent legal restrictions of coverture set at naught." *Buford v. Mochy, supra*. So, it would seem that so long as the "restrictions of coverture" remain, estoppel would not apply to a conveyance of realty by the wife without assent of the husband, but when the restriction is removed by death or divorce she is estopped by her contract.

It has been said that Article X, section 6, of the Constitution of North Carolina, and G.S. 52-2 do not affect estates by the entirety. *Davis v. Bass*, 188 N.C. 200, 207, 124 S.E. 566. But it is said in G.S. 52-2 that a conveyance of realty by a *feme covert* without assent of her husband is invalid and it is likewise held that neither the husband nor the wife can dispose of any part (of an estate by the entirety) without the assent of the other. *Gray v. Bailey*, 117 N.C. 439, 441, 23 S.E. 318. There is an analogy; the disability of the wife is substantially the same in the two situations. In estates by the entirety the husband has the same disability (except as to his right of possesion and to the rents and profits) as the wife.

It was said in *Hood v. Mercer*, 150 N.C. 699, 700, 64 S.E. 897, "that where the husband had conveyed the land by deed with warranty without the joinder of the wife, and survived her, his grantee acquired title, but this was by way of estoppel." See also *In re Brown* (W.D.

Ky. 1932), 60 F. 2d 269; *Carbon Co. v. Knight* (Md. 1955), 114 A. 2d 28, 51 A.L.R. 2d 1232. Also where land is held by the entirety and the husband conveys it to the wife and survives her, he is estopped to assert title by reason of survivorship. *Keel v. Bailey,* 224 N.C. 447, 449, 31 S.E. 2d 362; *Willis v. Willis,* 203 N.C. 517, 519, 166 S. E. 398; *Capps v. Massey,* 199 N.C. 196, 198, 154 S.E. 52. Where a husband and wife owned land as tenants by the entirety and executed a deed of separation in conformity with law, making a settlement and division of the property, the wife was held to be estopped to claim an interest in the realty thus settled on her husband, even though there was a reconciliation after execution of the deed of separation. *Jones v. Lewis,* 243 N.C. 259, 90 S.E. 2d 547. There the Court said: "It is well settled in this State that a conveyance from one spouse to the other of an interest in an estate held by the entireties is valid as an estoppel when the requirements of the law are complied with in the execution thereof." Indeed we see no reason why the principles of estoppel should not apply to the wife with the same vigor as to the husband, with respect to an estate by the entirety, where she has conveyed to a third party during coverture without the joinder of her husband and has survived the husband. After the death of the husband all disabilities are removed and she is a *feme sole* for all purposes and bound by her contracts.

Cases from other jurisdictions are of little assistance here, for the estate by the entirety has been differently construed in the different States and often modified by statute. But we find the following decisions to be in accord in principle with the conclusion reached here. *Simon v. Chartier* (Wis. 1947), 27 N.W. 2d 752; *Bank v. Benard* (Mass. 1935), 194 N.E. 839; *Demerse v. Mitchell* (Mich. 1915), 164 N.W. 97.

In the case at bar, however, there is nothing to indicate the terms of the deed and option contract referred to in the complaint. Ordinarily the grantor in a deed of bargain and sale is estopped thereby to assert after-acquired title. *Crawley v. Stearns,* 194 N.C. 15, 18, 138 S.E. 403. But as a general rule the grantor in a quitclaim deed is not so estopped. *Bryan v. Eason,* 147 N.C. 284, 292, 61 S.E. 71; 19 Am. Jur., Estoppel, sec. 9, p. 606. The provisions of a quitclaim deed may in some instances require a different result, however. The deed and contract, in the case *sub judice,* are not before us. Therefore the defense of estoppel must be affirmatively pleaded in the answer if defendant relies thereon.

Reversed.

HIGGINS, J., took no part in the consideration or decision of this case.