91 N.J. Super. 27 (1966)
218 A.2d 899
C. RICHARD TUNNEY, PLAINTIFF,
v.
LELAND M. CHAMPION AND ELENA CHAMPION, HIS WIFE, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided April 5, 1966.
*28 Mr. Frank L. Johnson, Jr., for plaintiff.
Mr. George M. James for defendants.
WICK, J.S.C.
This is a partition action wherein plaintiff seeks to establish ownership to a one-half interest in the property in question and the defendants seek an adjudication that they are the sole owners.
By special warranty deed dated September 21, 1945 and recorded October 4, 1945 in the Atlantic County Clerk's office, Florence Bourgeois, single woman, conveyed to defendants what purported to be a conveyance of the entire fee of *29 the property in question. The deed recited in the granting clause that it was a conveyance of, "All that certain lot, tract or parcel of land, * * *"
At the time of the conveyance to defendants, Florence Bourgeois, the grantor, was only vested with a one-half interest in the property. She subsequently acquired the outstanding one-half interest to the property by three separate deeds, all of which were properly recorded. The last deed was dated September 22, 1947.
Florence Bourgeois died testate on October 29, 1959. Her will made no mention of the one-half interest in the property in question. Under her will she left the residue of her estate to her brother George A. Bourgeois, III. By quitclaim deed dated March 5, 1964 the said George A. Bourgeois III and Marguerite Bourgeois, his wife, conveyed all their rights in the property to Thomas G. Greenwald and Emily D. Greenwald, his wife. The Greenwalds, in turn, by quitclaim deed dated July 13, 1964 conveyed all their rights in the property to plaintiff.
Defendants contend that when Florence Bourgeois, their grantor, acquired the outstanding one-half interest in the property it inured to their benefit. Plaintiff, on the other hand, denies that the subsequently acquired one-half interest inured to defendants' benefit and contends that this interest passed to George A. Bourgeois III as part of the residuary estate of Florence Bourgeois, who, in turn, conveyed it to the Greenwalds from whom plaintiff took title.
Were this an action involving the grantor and grantee this court would have no hesitancy in holding that the grantor is estopped from denying that his after-acquired title inured to the benefit of his grantee. Armour Realty Co. v. Carboy, 124 N.J.L. 205 (Sup. Ct. 1940). However, in the present case the rights of other parties have intervened, and due to the fact that the rights of intervening parties are so involved this court is of the opinion that the Recording Act is the key to the solution. Wack v. Collingswood Extension Realty Co., 114 N.J. Eq. 253 (E. & A. 1933). One is not charged with *30 constructive notice of recorded transactions affecting real estate, which transactions were consummated and recorded prior to the time when the party making the transaction was the record title holder of the property. See Boyd v. Mundorf, 30 N.J. Eq. 545 (Ch. 1879), where a mortgage which was recorded 15 minutes before the recording of the deed to the mortgagor was subordinated to a mortgage which was recorded simultaneously with the recording of the deed to the mortgagor, on the ground that one need not search the record for encumbrances created by the owner of the property prior to the recording of the deed to him. To hold otherwise would cast an intolerable burden on title searchers for they would be required to search the record of every party in the chain of title for conveyances or mortgages by them not only from the time they held record title to the property, but also for conveyances or mortgages made by them of, or on, the property at any time prior to their acquisition of record title.
The instant case, however, is complicated by one additional fact. By the time plaintiff acquired his title by quitclaim deed from the Greenwalds in 1964, the record disclosed that Florence Bourgeois had acquired the outstanding one-half interest in the property, and this fact would have been disclosed by a title search. Since she had already owned a one-half interest in the property, her prior conveyance to defendants of what purported to be a conveyance of the absolute fee would also have been disclosed by a title search. However, this court is of the opinion that this fact does not require a verdict in favor of defendants. When the special warranty deed from Florence Bourgeois to the defendants was originally executed, purporting to convey the entire tract to defendants, they could have ascertained what interest Florence Bourgeois had in the property. On the other hand, when plaintiff acquired title in 1964 the records disclosed that Florence Bourgeois, in 1945, only owned one-half of the property in question, yet, by special warranty deed she conveyed to defendants what purported to be the entire tract. Thereafter, she acquired the outstanding one-half interest in the *31 property. Twelve years later, in 1959, she died testate. It is true that the record afforded plaintiff with constructive notice of the acquisition of the outstanding one-half interest by Florence Bourgeois before plaintiff took title. However, this court does not feel that plaintiff is also charged with notice that this after-acquired title might inure to the benefit of defendants. This court finds that plaintiff would be justified in assuming that at the time of her conveyance to defendants, Florence Bourgeois could only convey what she owned, a one-half interest in the property, and when she acquired the outstanding one-half interest, she was free to dispose of it as she wished. Therefore, this court finds that said one-half interest passed under the residuary clause of her will to her brother George A. Bourgeois III, through whom plaintiff claims.
Moreover, it must be borne in mind that the deed from Florence Bourgeois to defendants was a special warranty deed. A special warranty does not warrant against all persons claiming the land, but only against those who should claim under the grantor. Condit v. Bigalow, 17 N.J.L.J. 107 (Sup. Ct. 1894). Unlike a general warranty against the claim of every person, when the deed contains a special warranty all outstanding titles subsequently acquired by the grantors do not inure to the grantee's benefit. Ibid., at p. 109. A special warranty must be construed as warranting only such title as the grantors then had and conveyed and is not operative as to a then outstanding title. Ibid., at p. 110.
The fact that George A. Bourgeois III conveyed his interest in the property to the Greenwalds by quitclaim deed, and that the Greenwalds, in turn, conveyed to plaintiff by quitclaim deed is immaterial, for under N.J.S.A. 46:5-3 a quitclaim deed passes the same estate to the grantee as a deed of bargain and sale, provided the instrument contains nothing which would indicate an intent on the part of the grantor to reserve to himself any part of his claim to or estate or interest therein.
In accordance with the conclusions made by this court, a judgment will be entered in favor of plaintiff.