HENRY COUNCIL; HARDY COUNCIL AND WIFE, ELSIE COUNCIL; MOLLY ANDREWS AND HUSBAND, JOHN ROBERT ANDREWS; LORETTA ROBERTSON AND MARILYN COUNCIL, v. INEZ PITT, EXECUTRIX OF THE ESTATE OF MILLIE COUNCIL, AND VILMA MASSEY AND HUSBAND, HARVEY MASSEY; RALPH DUGGER AND WIFE, ESTELLA DUGGER; HARVEY DUGGER AND WIFE, VIRGINIA DUGGER; CECIL DUGGER AND WIFE, GLADYS DUGGER; RUG DUGGER; JOHN LEE DUGGER AND WIFE, JULIA DUGGER; ERNEST DUGGER AND WIFE, BETTY DUGGER; ESTHER D. HARVEY AND HUSBAND, ROBERT E. HARVEY; MADELINE DUGGER; JOHN JASPER BLACK AND WIFE, VIOLA BLACK; WILLIE DUGGER; CHARLIE VIRGINIA COLEMAN; LUCY HEMBY BETTS AND HUSBAND, ROOSEVELT BETTS; INEZ PITT AND HUSBAND, JAMES PITT, AND LILLIE BLACK LEWIS.

(Filed 13 December, 1967)

**1. Husband and Wife § 17—**

In an estate held by the entireties neither the husband nor the wife can defeat the other's right of survivorship in the land by a conveyance or an encumbrance to a third party, but if the conveying spouse survives the other spouse, the grantee will acquire title by estoppel.

**2. Same—**

A conveyance from one spouse to the other of an interest in an estate by the entireties is valid as an estoppel when the conveyance is validly executed, and the conveying spouse, and those claiming under him as his heirs at law, are estopped by his deed to claim the interest conveyed.

**3. Same— Surviving spouse held estopped from asserting right of survivorship in land conveyed to husband.**

In this proceeding for partition of land, the evidence was that the land in dispute was conveyed to both spouses pursuant to the wife's bid in a prior partition proceeding, and that the wife later executed a deed to the husband purporting to convey to him a one-half undivided interest in the land. The husband predeceased the wife without leaving a will, and

his heirs at law brought this action for partition against the wife. *Held:* Whether the wife's deed be regarded as a direct conveyance of the one-half undivided interest, or whether she, as surviving spouse, be estopped by her deed from asserting title to the entire tract by survivorship, the petitioners are entitled to partition.

**4. Same—**

Subsequent to the effective date of the 1957 statute, a conveyance from one spouse to the other of real property, or any interest therein, held by them as tenants by the entirety dissolves such tenancy in the property or interest conveyed and vests such property or interest formerly held by the entirety in the grantee. G.S. 39-13.3(c).

APPEAL by petitioners from *Bundy, J.,* May 1967 Session of MARTIN.

Special proceeding for the partition by sale of the 25-acre tract of land described in the petition. The pleadings and stipulations establish the following facts:

In 1934, Millie Council and Mary Dugger, as devisees under the will of John Dugger, each owned a one-half undivided interest in the 25-acre tract. In March 1934, Mary Dugger filed a petition in which she asked that the land be sold for partition between the tenants in common. In their answer to the petition, the respondents, Millie Council and her husband, Min Council, joined in the prayer that the land be sold. The clerk appointed commissioners who, after due advertisement, sold the land at public auction on 2 June 1934 and reported to the court that Millie Council became the last and highest bidder for said land at the price of $2,225.00. On 18 June 1934, the clerk confirmed the sale as reported and ordered the commissioners to "deliver to the said purchaser and her heirs and assigns a deed in fee simple for the said land" upon payment of the purchase price. On the same day, the commissioners executed a deed to Millie Council and Min Council for the land in suit. The deed recited the sale for partition, that "Millie Council and Min Council became the last and highest bidders for said land at the sum of Two THOUSAND TWO HUNDRED TWENTY FIVE AND No/100 ($2,225.00) DOLLARS," that they had "complied with the terms of said sale," and that the deed was being executed pursuant to a judgment of the Superior Court. This deed was acknowledged before the Clerk of the Superior Court on the day of its execution.

Three and a half years later, on 17 December 1937, Millie Council executed a deed to Min Council which purported to convey to him a one-half undivided interest in the same tract of land. It recited a consideration of $10.00, love and affection, "and other and more valuable considerations moving between the parties." It also contained the following assertion:

"It is the purpose and intent of this deed to place the title to the lands above described one-half in said Millie Council and the other half in Min Council, as a deed from J. C. Smith and Hugh G. Horton, Commissioners, to Millie Council and husband Min Council dated June 18, 1934, recorded in the Public Registry of Martin County in Book L-3 at page 530 seems to put the title in said parties as an estate by the entireties, whereas the said Min Council and wife, Millie Council, desire to own and hold said tract of land a one-half undivided interest each, to the end that the heirs of each may at the death of each inherit each other's half, and this deed is made and intended for that purpose, and this deed is void for any other purpose other than that expressed herein and nothing in this deed shall be construed to mean that Millie Council is conveying more than one-half of said tract."

Min F. Council died intestate in Martin County during 1948. On 21 July 1965, petitioners, who are the heirs at law of Min Council, brought this proceeding for partition against Millie Council. They alleged that Millie Council owned a one-half undivided interest in the 25 acres and that they owned the other one-half undivided interest subject to her right of dower. On 17 August 1965, Millie Council answered the petition. She alleged that she owned the 25 acres in fee simple and prayed that the petition be dismissed.

Millie Council died on 31 August 1965, leaving a will which was duly admitted to probate in September 1965. Defendants are her executrix and devisees, who were made respondents in her stead. They plead sole seizin and deny that petitioners have any interest in the land.

When the case came on for trial, the parties waived a jury trial, and Judge Bundy heard the matter upon the pleadings, stipulations, and record evidence. He found the facts as detailed above and held:

(1)  The commissioners' deed dated 18 June 1934 to Millie Council and Min Council created an estate by the entireties;

(2)  The deed from Millie Council to Min Council dated 17 December 1937 conveyed no interest in the land to Min Council;

(3)  Upon the death of Min Council, title to the land vested in Millie Council as the surviving tenant by the entirety.

Judge Bundy adjudged that the respondents, as the devisees of Millie Council subject to the provisions of the will of Millie Council, are the owners and are entitled to the possession of the entire 25-acre tract described in the petition. He directed that the land be sold by the commissioners and the proceeds be paid to the executrix of the estate of Millie Council to be applied first to the payment of her debts and the balance to be distributed according to the terms of her will.

To the signing of the foregoing judgment petitioners excepted and appealed.

*Edgar J. Gurganus for petitioner appellants.*
*Clifton W. Everett for respondent appellees.*

SHARP, J.  Petitioners, the heirs of Min Council, contend that the commissioners' deed to Millie and Min Council did not create an estate by the entireties but vested the title in Millie Council alone, and that her subsequent deed to her husband conveyed to him a one-half undivided interest, which they acquired by inheritance from him. It is the contention of the respondents, the executrix and devisees of Millie Council, that the commissioners' deed conveyed an estate by the entireties and that, in any event those who take through Min Council may not contend otherwise. They argue further that, as a tenant by the entirety, Millie Council could not convey to the other tenant a one-half undivided interest in the land.

It is unnecessary to discuss the effect of the variance between the order confirming the sale to Millie Council and the conveyance to Millie and Min Council. Nor is it necessary to decide whether the commissioners' deed created an estate by the entireties in Millie and Min Council or conveyed a fee simple to Millie. In either event, the decision here must be the same. If the commissioners' deed did not create an estate by the entireties, respondents correctly concede that the deed of 17 December 1937 from Millie to her husband conveyed to him a one-half undivided interest in the property and that petitioners are entitled to partition. If the commissioners' deed did convey an estate by the entireties to the grantees, petitioners are still entitled to partition because respondents, who claim under Millie Council, are estopped by her deed to claim that she acquired the whole estate by survivorship when her husband predeceased her.

One of the incidents of an estate by the entireties is that neither the husband nor the wife can defeat the other's right of survivorship in the land by a conveyance or encumbrance to a third party. *Capps v. Massey,* 199 N.C. 196, 154 S.E. 52; *Davis v. Bass,* 188 N.C. 200, 124 S.E. 566; 2 Strong, N. C. Index, Husband and Wife §§ 15, 16 (1959). If, however, the conveying spouse survives the other, the grantee will acquire title by estoppel. *Harrell v. Powell,* 251 N.C. 636, 112 S.E. 2d 81; *Capps v. Massey, supra; Hood v. Mercer,* 150 N.C. 699, 64 S.E. 897. It is equally "well settled in this State that a conveyance from one spouse to the other of an interest in an estate by the entireties is valid as an estoppel when the requirements of the

law are complied with in the execution thereof." *Jones v. Lewis,* 243 N.C. 259, 262, 90 S.E. 2d 547, 550; *accord, Hutchins v. Hutchins,* 260 N.C. 628, 133 S.E. 2d 459; *Harrell v. Powell, supra; Willis v. Willis,* 203 N.C. 517, 166 S.E. 398. Not only the conveying spouse but also "those claiming under him as his heirs at law, as well as others standing in privity to him, are estopped by his deed to claim the land." *Keel v. Bailey,* 224 N.C. 447, 449, 31 S.E. 2d 362, 363.

The deed of 17 December 1937 from Millie to Min Council was acknowledged in the manner required by the law then applicable to contracts between husband and wife. N. C. Code of 1935, § 2515. (See also §§ 1000, 3175, 3293). That deed clearly manifested the intention of the parties to hold the land as tenants in common so that the heirs of each might inherit one-half of the property. Whether the deed be regarded as a direct conveyance of a one-half undivided interest to Min Council or be held to have estopped Millie Council, the survivor, from claiming title to the whole by survivorship, the result is the same: Petitioners, as owners of a one-half undivided interest in the lands described in the petition, are entitled to partition in accordance with their prayer for relief in the amended petition. See Annot., Entireties — Termination by Deed, 8 A.L.R. 2d 634, 639 (1941). It is noted that legislation has eliminated the question whether such a deed operates as a conveyance or an estoppel. G.S. 39-13.3(c), enacted as N. C. Sess. Laws, 1957, ch. 598, § 1, now provides:

"A conveyance from a husband or a wife to the other spouse of real property, or any interest therein, held by such husband and wife as tenants by the entirety dissolves such tenancy in the property or interest conveyed and vests such property or interest formerly held by the entirety in the grantee."

The judgment of the court below is reversed, and this proceeding is remanded for the entry of a decree in accordance with this opinion.

Reversed.