MABLE A. MEACHEM v. MELVIN H. BOYCE

No. 7726SC291

(Filed 7 March 1978)

1. **Estoppel § 5.2; Husband and Wife § 5.1— entirety property—conveyance by wife—divorce—estoppel**

    During coverture a spouse is not estopped from denying the validity of a purported conveyance of entirety property in which the other spouse failed to join, but when the restriction of coverture is removed by death or divorce, estoppel principles are triggered.

2. **Estoppel § 5.2; Husband and Wife § 5.1—entirety property—conveyance by wife—husband's judgment against grantee—divorce—estoppel**

    Where the wife purportedly conveyed entirety property to a third party during coverture without the joinder of her husband, the husband obtained a judgment in an action against the third party declaring the wife's deed to the third party "void," and the wife subsequently obtained a divorce from the husband, the effect of the judgment in the husband's action against the third party was to declare the wife's deed "inoperative" to convey the property and to affect the husband's rights as a tenant by the entirety in the property, and the judgment had no legal effect on the third party's rights of estoppel against the wife which were triggered upon her divorce from the husband.

3. **Estoppel § 5.2— entirety property—conveyance by wife—divorce—estoppel—right of wife to seek partition**

    Where a wife's purported conveyance of entirety property to a third party was inoperative because the husband did not join therein, and the wife subsequently obtained a divorce from the husband, the wife's interest in the property as a tenant in common after the divorce was unaffected by the third party's unasserted ·right of estoppel against the wife because of her conveyance to him, and she was entitled to maintain an action for partition of the property.

4. **Partition § 3.2; Estoppel § 5.2— entirety property—conveyance by wife—divorce—partition—grantees of wife as necessary parties**

    The trustee in a deed of trust and the grantee in a deed to whom a wife conveyed entirety property were necessary parties in an action for partition brought by the wife as a tenant in common after she obtained a divorce from the husband, since unasserted estoppel rights of the trustee and grantee against the wife could be extinguished by the partition sale and could affect the price received at the sale.

APPEAL by respondent from *Griffin, Judge.* Judgment entered 7 February 1977 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 2 February 1978.

Special proceeding wherein Mable A. Meachem filed a petition for partition and sale of a certain tract of land located in Charlotte, North Carolina, and allegedly owned by the parties as tenants in common. On 21 June 1976 the Assistant Clerk of Superior Court entered judgment for petitioner. The respondent appealed to the Superior Court. At the hearing in Superior Court the respondent filed a motion seeking joinder of Otto D. Grier, North Carolina National Bank, and Carl W. Howard, trustee, as necessary parties pursuant to Rule 19(a) of the North Carolina Rules of Civil Procedure. At the conclusion of the hearing the court made the following pertinent findings of fact:

The respondent and petitioner were formerly husband and wife. By deed dated 2 November 1973 the tract of land involved in this controversy was conveyed to them as tenants by the entirety. On 10 April 1975 the petitioner executed a deed of trust which was duly recorded purportedly conveying the land to Carl W. Howard as trustee for North Carolina National Bank to secure a loan to petitioner of $7,915.20. On 9 October 1975 petitioner executed a deed which was duly recorded purportedly conveying the same land in fee simple to Otto D. Grier for which Grier paid $3,500.00 and assumed two mortgages on the property. Thereafter, respondent instituted suit against Grier to obtain possession of the property and to recover rent for Grier's occupation of the premises. Judgment was entered in the prior suit on 13 February 1976 in which the deed purportedly conveying the property to Grier was declared void. Grier was ordered to vacate the premises and to pay rent for the period of occupation. On 10 May 1976 the petitioner obtained an absolute divorce from respondent.

On the basis of the facts found, the Superior Court concluded that the parties to this action are tenants in common of the subject property; that the prior judgment declaring the deed between petitioner and Otto D. Grier void is binding on the Superior Court in the present action "and therefore said deed has no legal effect in these proceedings," and the petitioner and respondent "are the only parties having a legal interest in the premises"; that petitioner is entitled to partition, but that since an actual partition would result in injury to the parties, a sale of the property is necessary; and "that since the parties hereto are

now tenants in common in the aforesaid property the Deed of Trust executed by . . . [petitioner] to the North Carolina National Bank has ripened into a valid lien by estoppel as to the interest of . . . [petitioner] in the aforesaid property." The court then ordered that the property be sold and the proceeds be divided equally between petitioner and respondent, and that North Carolina National Bank have a lien on petitioner's share of the proceeds to the extent of the unpaid balance on the deed of trust; and that the respondent's motion for joinder of necessary parties be denied. Respondent appealed.

*Rose & Bosworth, by William S. Rose, Jr. for petitioner appellee.*

*Tucker, Moon and Hodge, by Travis W. Moon, for respondent appellant.*

HEDRICK, Judge.

Respondent, in his first, second and fourth assignments of error, challenges the trial court's findings of fact and conclusions that petitioner owns an interest in the property and is entitled to a sale in lieu of partition, G.S. 46-22. Specifially, respondent argues that by established principles of estoppel petitioner's interest in the subject property inured to the benefit of Otto D. Grier upon her divorce from respondent. Petitioner contends that the prior judgment of District Court, declaring the deed from petitioner to Otto D. Grier to be void, extinguished  any right of estoppel which Grier might have asserted; and therefore, the trial court was correct in concluding that petitioner is a tenant in common of the property.

[1]   A well-known axiom of common law is that property owned by a husband and wife as tenants by the entirety cannot be conveyed or encumbered without the joinder of both spouses. Webster, Real Estate Law in North Carolina § 114 (1971). It is also established law that a grantor who is unable to convey a valid title to property at the time of conveyance is estopped from denying the validity of the deed when he subsequently acquires the right to convey it. *Morrell v. Building Management*, 241 N.C. 264, 84 S.E. 2d 910 (1954). Thus, during coverture a spouse is not estopped from denying the validity of a purported conveyance of

tenancy by the entirety property in which the other spouse failed to join. *Harrell v. Powell*, 251 N.C. 636, 112 S.E. 2d 81 (1960). However, when the "restriction [of coverture] is removed by death or divorce" estoppel principles are triggered. *Harrell v. Powell, supra* at 640, 112 S.E. 2d at 84. *See also Council v. Pitt*, 272 N.C. 222, 158 S.E. 2d 34 (1967). In *Harrell v. Powell, supra* at 641, 112 S.E. 2d at 85, the rule was stated as follows: "[W]e see no reason why the principles of estoppel should not apply to the wife . . . with respect to an estate by the entirety, where she has conveyed to a third party during coverture without the joinder of her husband and has survived the husband. After the death of the husband all disabilities are removed and she is a *feme sole* for all purposes and bound by her contracts." Nothing else considered, in the present case, upon the divorce of the respondent, the petitioner would be estopped from denying her coveyances to Carl W. Howard, trustee for North Carolina National Bank, and to Otto D. Grier.

[2] The trial court held and the petitioner contends that the judgment in the case of *Melvin H. Boyce v. Otto D. Grier* (No. 75CVD8979) precludes the application of estoppel principles. In that judgment which was entered on 13 February 1976 the court concluded that "[t]he deed from Mabel [sic] A. Boyce to the defendant [Otto D. Grier] recorded in Book 3793 at page 447 in the Mecklenburg Public Registry is void by reason of the failure of the plaintiff herein [respondent] to adjoin [sic] in the execution thereof." North Carolina case law seems to support the trial court's conclusion in the previous judgment that the deed was "void." Our Supreme Court has repeatedly referred to deeds purportedly conveying the separate property of the wife without the written assent of the husband as "void" deeds. *See Buford v. Mochy*, 224 N.C. 235, 29 S.E. 2d 729 (1944); *Harrell v. Powell, supra*. In *Harrell* the Court pointed out an analogy between such deeds and those conveying tenancy by the entirety property without joinder of a spouse: "[T]he disability of the wife is substantially the same in the two situations. In estates by the entirety the husband has the same disability . . . as the wife." *Harrell v. Powell, supra* at 640, 112 S.E. 2d at 84. In each case while the deed was described as "void," it was held sufficient to establish a valid contract to convey. An important distinction is noted in 28 Am. Jur. 2d, *Estoppel and Waiver*, § 8, p. 605, as follows:

A distinction seems to exist, however, between deeds
which are absolutely void because of an inherent and endur-
ing illegality and those which are "invalid" in the sense that
some defect renders them inoperative as deeds. A deed
which is invalid in the sense that it is inoperative may never-
theless under some circumstances be held operative as a con-
tract, and, where the invalidity arose from an inability under
the law to convey in the attempted capacity, may be held to
estop the grantor from setting up an after-acquired title to
the premises that were previously attempted to be conveyed.

This terminology was employed by our Supreme Court in *Cruthis
v. Steele*, 259 N.C. 701, 703, 131 S.E. 2d 344, 346 (1963), where it is
stated that "a deed which is invalid in the sense that it is in-
operative may nevertheless under some circumstances be held
operative as a contract." In any event, we think that the trial
judge's conclusion in the judgment in the previous case between
respondent and Grier, merely determined the rights of the par-
ties to that action at that point in time, and as such, was not ad-
dressed to Grier's inchoate rights of estoppel. According to that
judgment, the deed was *inoperative* to convey the property to
Grier and to affect the rights of respondent as a tenant by the en-
tirety who had not joined in the conveyance. Viewed in this light,
the judgment declaring the deed "void" has no legal effect on
Grier's rights of estoppel which were triggered upon the divorce
of respondent and appellant.

[3] It is clear, then, that any rights accruing to Grier from the
deed from petitioner conveying the subject property remain in-
tact. The question which emerges from the foregoing analysis is
whether the petitioner lost any right, title and interest in the sub-
ject property by the application of estoppel when she obtained a
divorce from respondent. The rationale underlying estoppel has
been articulated as follows:

The purported deed is a contract to convey, and while the
husband is alive the obligation of the contract can be en-
forced only by an action for damages — the reason being that
the court cannot require specific performance because it can-
not compel the husband to give his written assent. After the
death of the husband the obstacle to specific performance is
removed, and equity will declare the contract effective as a

deed under the maxim "equity regards as done that which ought to be done."

*Cruthis v. Steele, supra* at 703, 131 S.E. 2d at 346. *See also Harrell v. Powell, supra.* Thus, in order to establish a right to estoppel the grantee of the prior defective conveyance must establish that the essential ingredients of a contract were present. *Cruthis v. Steele, supra.* Assuming that he could do so, he would then be entitled to specific performance of the contract founded on the deed. However, the first grantee's rights of estoppel cannot defeat the rights of a purchaser for value who has acquired title through a valid conveyance and recorded it prior to the first grantee's assertion of his rights of estoppel. *Door Co. v. Joyner*, 182 N.C. 518, 109 S.E. 259 (1921); Webster, Real Estate Law in North Carolina § 202 (1971). *Accord, Tunney v. Champion*, 91 N.J. Super. 27, 218 A. 2d 899 (1966).

[4] We are in agreement with petitioner that her interest in the land is unaffected by Grier's unasserted right of estoppel. Therefore, as a tenant in common in the subject property she was entitled to bring this proceeding for partition. However, respondent also assigns as error the denial of his motion for joinder of Otto D. Grier, North Carolina National Bank, and Carl W. Howard, trustee, as parties to the proceeding.

The law regarding joinder of necessary parties under Rule 19(a) has been stated as follows:

> The term "necessary parties" embraces all persons who have or claim material interests in the subject matter of a controversy, which interests will be directly affected by an adjudication of the controversy. [Citation omitted.] A sound criterion for deciding whether particular persons must be joined in litigation between others appears in this definition: Necessary parties are those persons who have rights which must be ascertained and settled before the rights of the parties of the suit can be determined. [Citation omitted.]

*Assurance Society v. Basnight*, 234 N.C. 347, 352, 67 S.E. 2d 390, 394-5 (1951); *Wall v. Sneed*, 13 N.C. App. 719, 724, 187 S.E. 2d 454, 457 (1972). In short, the interest, if any, which Grier could claim in the subject property flows from the deed which may or may not be enforceable as a contract to convey. This interest is personal

to Grier and cannot be asserted by the respondent. Left unasserted, his right could be extinguished by the partition sale ordered by the trial court. On the other hand, Grier's unasserted right, if any, could affect the amount which a prospective purchaser would be willing to pay at a partition sale. In that event those entitled to the proceeds could be adversely affected by Grier's absence in the proceeding. Thus, we are compelled to conclude that Grier's presence in this proceeding is not only desirable but necessary in order to avoid prejudice and finally determine the rights of the parties to this proceeding.

What has heretofore been said with respect to Grier as the grantee of the deed from petitioner is also applicable to Howard as trustee on the deed of trust securing the indebtedness of petitioner to North Carolina National Bank. Thus, it is also necessary that Howard, as trustee, and North Carolina National Bank be made parties to this proceeding.

For the reasons stated, the judgment appealed from is vacated and the cause is remanded to the Superior Court for the entry of an order joining all necessary parties to this proceeding, and for further proceedings to determine the rights of all parties.

Vacated and remanded.

Judges BRITT and WEBB concur.